[No. 41690-1-I.   Division One.   July 13, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. J.B.,
*Appellant*.

*Sharon J. Blackford* of *Washington Appellate Project*, for
appellant.

*Norm Maleng, Prosecuting Attorney*, and *Stephen P.
Hobbs, Deputy*, for respondent.

PER CURIAM — A court generally should determine whether a juvenile had the capacity to commit a crime before entering a guilty verdict against him. Nevertheless, the trial court did not err by entering the guilty verdict in this case before determining capacity because it was not alerted to the capacity issue until after the verdict was entered, and it stayed entry of the order of disposition until after J.B.'s capacity was determined by a different judge. We affirm.

At age 11, J.B. invited a friend over, aimed a BB gun at him, demanded his money, and pushed and hit him before he escaped. J.B. was 12 years old when a judge found him guilty of attempted first degree robbery. Eight days after the fact-finding hearing, J.B. moved to dismiss the charge or revoke the verdict because the court had not held a hearing to determine his capacity to commit the crime. Rather than vacating the verdict and ordering a new trial, the court stayed the dispositional order and ordered a capacity hearing before a different judge. J.B. moved for reconsideration, but the motion was denied.

The second judge found J.B. had the capacity to commit the crime. Therefore, the dispositional order was entered, and the court imposed a manifest injustice disposition. J.B. appealed. He moved for accelerated review of the manifest injustice disposition and of the capacity determination. A commissioner granted his motion for accelerated review of the manifest injustice disposition, affirmed it, and granted

J.B.'s motion for accelerated review of the capacity issue. That is the sole issue remaining before the court.

## The Trial Court Did Not Err

Relying upon *State v. J.F.*,[1] J.B. argues the trial court did not have jurisdiction to enter a verdict of guilty without first determining whether he had the capacity to commit the crime. Although we agree that, in general, a court should first determine whether a juvenile had the capacity to commit the crime before finding him guilty, the trial court was not deprived of its jurisdiction to determine J.B.'s guilt and, under the circumstances in this case, did not err by holding the capacity hearing after the verdict.[2]

"Children of eight and under twelve years of age are presumed to be incapable of committing crime, but this presumption may be removed by proof that they have sufficient capacity to understand the act or neglect, and to know that it was wrong."[3] Thus, when a child who is at least eight, but under twelve, is charged with a crime, the State must rebut the presumption he was incapable of committing it by clear and convincing evidence.[4] A capacity hearing separate from the hearing on the substantive charge is sometimes required.[5]

In *J.F.*, the issue was whether there was clear and convincing evidence to show the defendant had the capacity to commit the offense of second degree reckless burning. In dicta in a footnote at the end of the case, the court rejected the State's argument that the defendant waived

---

[1]87 Wn. App. 787, 943 P.2d 303 (1997).

[2]After the charge in this case was filed, the juvenile court rules were amended to require the capacity hearing to be held within 14 days of filing the information. *See* JuCR 7.6(e).

[3]RCW 9A.04.050.

[4]*State v. Q.D.*, 102 Wn.2d 19, 24-26, 685 P.2d 557 (1984).

[5]*See id.* at 27 (if the basis for proving capacity were the juvenile's criminal history, a separate hearing may be necessary to avoid prejudice, but if the facts of the offense were offered to show capacity, a separate hearing would be unduly repetitive).

his right to challenge the trial court's capacity determination by pleading guilty, stating that "[c]apacity is a jurisdictional issue and was not a matter with which J.F. was charged in the information."[6] That statement is not controlling.

■ Juvenile courts have exclusive jurisdiction over all persons under the age of 18 who are alleged to have committed offenses that would be designated crimes if committed by an adult.[7] "Thus, all juveniles who can avail themselves of the infancy [or capacity] defense will come under the jurisdiction of the juvenile court, and most will remain there."[8] A court does not lack subject matter jurisdiction solely because it lacks the authority to enter a given order in a particular case.[9]

■ J.B. was under 18, so he was properly charged in juvenile court. The court had the authority to enter a finding of guilty against J.B. unless the State failed to rebut the presumption he was incapable of committing the crime. Neither the State, nor defense counsel, alerted the court to the capacity issue before the fact-finding hearing. Once alerted, the court responded appropriately by staying entry of the order of disposition and ordering a capacity hearing before a different judge. When the second judge determined J.B. had the capacity to commit the crime, the first judge properly entered the order of disposition.

J.B. does not challenge the outcome of the capacity hearing or contend he was prejudiced because it was held after the fact-finding. His argument that the trial court did not have jurisdiction to determine his guilt before the fact-finding fails.

---

[6] *J.F.*, 87 Wn. App. at 793 n.8.

[7] RCW 13.04.030(5); RCW 13.40.020(15); *see also Q.D.*, 102 Wn.2d at 23-24.

[8] *Id.* at 24.

[9] *Marley v. Department of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994); *see also In re Marriage of Major*, 71 Wn. App. 531, 534-35, 859 P.2d 1262 (1993) ("The term 'subject matter jurisdiction' is often confused with a court's 'authority' to rule in a particular manner.").

J.B.'s order of disposition is affirmed.

Review denied at 137 Wn.2d 1009 (1999).