47 P.3d 587 (2002)
112 Wash.App. 68
STATE of Washington, Appellant,
v.
George Samuel GOLDEN, Respondent.
No. 20223-2-III.
Court of Appeals of Washington, Division 3, Panel One.
May 30, 2002.
*589 Kevin M. Korsmo, Deputy Prosecuting Attorney, Spokane, for Appellant.
John H. Whaley, Assistant Public Defender, Spokane, for Respondent.
SWEENEY, J.
Superior courts of this state have general jurisdiction to decide any justiciable controversy so long as jurisdiction is not vested in another court. WASH. CONST. art. IV, § 6; RCW 2.08.010. Here, George Golden collaterally attacked his juvenile disposition, eight and one-half years after the fact, in superior court. The primary question presented here is whether the superior court had jurisdiction to grant collateral relief. We conclude that it did and affirm the exercise of jurisdiction by the superior court.

FACTS
George Golden was 10 years old in 1992 when he pleaded guilty in juvenile court to one count of arson. The juvenile court entered a disposition and imposed community supervision and restitution of $164,620. The disposition order extended juvenile court jurisdiction over Mr. Golden until age 21 to supervise the restitution.[1] Mr. Golden turned 18 on November 19, 1999.
After he turned 18, the State charged Mr. Golden with an unrelated adult offense in superior court. The State also notified him that it intended to include the juvenile arson conviction in his offender score. Mr. Golden filed a motion in superior court for permission to withdraw the juvenile plea, relying on CrR 7.8(b)(5), which empowers the court to vacate a judgment in the interests of justice. The motion was addressed to the juvenile division, and filed under the 1992 case number. But the superior court did not invoke the retained juvenile jurisdiction in granting the motion.
The superior court concluded that it had general jurisdiction to entertain the motion and entered an order granting the motion to withdraw the 1992 plea. The court also found that the juvenile court had entered no written finding of capacity, and that the juvenile records contained no evidence that a capacity hearing was ever held.
The court also found that the juvenile court never informed Mr. Golden of his right to collaterally challenge the conviction or of *590 the one-year time limit prescribed by chapter 10.73 RCW.
Mr. Golden's trial lawyer cited an unpublished opinion of this court. The court read the unpublished opinion in the course of its deliberations. The court decided that eight and one-half years was not an unreasonable delay in seeking relief from judgment and granted the motion to withdraw the plea.
The State appeals. Its primary complaint is that the superior court lacked jurisdiction to grant relief from a juvenile disposition. It also contends the motion was time-barred under RCW 10.73.090. It disputes the court's finding that eight and one-half years is a reasonable time within which to seek relief from judgment under CrR 7.8(b). Finally, the State assigns error to the court's consideration of the unpublished opinion.
I. SUPERIOR COURT JURISDICTION TO COLLATERALLY REVIEW A JUVENILE DISPOSITION
Jurisdiction is the power to hear and determine a cause or proceeding. State v. Hampson, 9 Wash.2d 278, 281, 114 P.2d 992 (1941). Jurisdiction is a question of law which we review de novo. Crosby v. Spokane County, 137 Wash.2d 296, 301, 971 P.2d 32 (1999).
The State contends that no Washington court has jurisdiction to entertain Mr. Golden's CrR 7.8 motion for relief from judgment, because the juvenile court has exclusive jurisdiction over all proceedings that relate to a charge filed against a defendant under age 18, and the juvenile court loses that jurisdiction when the juvenile turns 18. We disagree.
The Washington Constitution establishes courts and invests them with the power to hear and determine every justiciable cause and proceeding. The superior courts have broad residual jurisdiction to hear all causes and proceedings over which jurisdiction is not vested exclusively in some other court. WASH. CONST. art. IV, §§ 5, 6; RCW 2.08.010. Any discussion of state court jurisdiction proceeds from this fundamental premise. State v. Werner, 129 Wash.2d 485, 492, 918 P.2d 916 (1996); State v. Pritchard, 79 Wash.App. 14, 19-20, 900 P.2d 560 (1995).
Complete jurisdiction has three components: (1) Jurisdiction over the subject matter; (2) jurisdiction over the parties; and (3) power to render the particular judgment. Werner, 129 Wash.2d at 493, 918 P.2d 916. We apply each in order to the facts here.
A. SUBJECT MATTER JURISDICTION
The superior court has original subject matter jurisdiction over all felony criminal proceedings and all proceedings generally, unless jurisdiction has been vested exclusively in some other court. WASH. CONST. art. IV, § 6; RCW 2.08.010; Werner, 129 Wash.2d at 492, 918 P.2d 916.
It is well settled that the juvenile court is simply a division of the superior court, not a separate constitutional court. Werner, 129 Wash.2d at 492, 918 P.2d 916. The designation of a particular superior court department as the "juvenile department" does not diminish the jurisdiction of the other superior court departments to proceed in juvenile court matters. State ex rel. Campbell v. Superior Court, 34 Wash.2d 771, 775, 210 P.2d 123 (1949). The legislative creation of the juvenile courts by statute was not intended to vest exclusive jurisdiction in a court other than the superior court. The juvenile court is still a part of superior court. Werner, 129 Wash.2d at 492, 918 P.2d 916; Dillenburg v. Maxwell, 70 Wash.2d 331, 341, 413 P.2d 940 (1966) (juvenile court is "`really the superior court or a department thereof'") (quoting State v. Ring, 54 Wash.2d 250, 253, 339 P.2d 461 (1959)).
The Legislature did not intend Title 13 RCW to establish an independent court or to take away the superior court's general jurisdiction. Pritchard, 79 Wash.App. at 18, 900 P.2d 560. And even if the Legislature had intended to divest the superior court of its constitutional powers, we would not recognize such a restriction. The legislation would be a nullity. Werner, 129 Wash.2d at 496, 918 P.2d 916; City of Seattle v. Hesler, 98 Wash.2d 73, 77, 653 P.2d 631 (1982).
The juvenile court's jurisdiction is derivative then, not original. The statutory jurisdiction *591 exercised by the juvenile division derives from the general constitutional jurisdiction of the superior court.
B. PERSONAL JURISDICTION
RCW 9A.04.030(1) establishes the superior court's personal jurisdiction over all individuals, including juveniles, who commit crimes in this state. Werner, 129 Wash.2d at 493, 918 P.2d 916; State v. B.P.M., 97 Wash. App. 294, 299, 982 P.2d 1208 (1999).
The Legislature gave the juvenile division of the superior court exclusive initial jurisdiction to proceed against juveniles charged with crimes. RCW 13.04.030(1)(e); Pritchard, 79 Wash.App. at 20, 900 P.2d 560. A juvenile is a person under the age of 18 years. RCW 13.40.020(14). At age 18, juvenile status terminates. And therefore the juvenile court's exclusive jurisdiction ends. State v. Sharon, 100 Wash.2d 230, 231, 668 P.2d 584 (1983).
A juvenile court has jurisdiction over a particular proceeding based on the date of that proceeding, not the date of the original charge or the date of the plea. Sweet v. Porter, 75 Wash.2d 869, 870, 454 P.2d 219 (1969); State v. Bushnell, 38 Wash. App. 809, 811, 690 P.2d 601 (1984). So even if charges are filed and a plea is entered in juvenile court, the general jurisdiction of the superior court automatically takes over when the offender turns 18. Bushnell, 38 Wash.App. at 811, 690 P.2d 601. All of this is, of course, absent some request for an extension.
The State relies on State v. Calderon for the proposition that the offender's age on the date charges are filed determines juvenile status. State v. Calderon, 102 Wash.2d 348, 684 P.2d 1293 (1984). But Calderon is consistent with the general rule. In Calderon, the defendant was under 18 when the offense was committed, but over 18 when charges were filed. The court held that the date proceedings were commenced was the effective date for determining juvenile status. Because Mr. Calderon was over 18 when the charge was filed, the juvenile court never had jurisdiction. Id. at 351-52, 684 P.2d 1293. From this, the State reasons that, if a defendant is under 18 when the charge is filed, only the juvenile court ever has jurisdiction. But once the person comes under the jurisdiction of the adult court, at any age, that person is no longer a juvenile. Sharon, 100 Wash.2d at 231, 668 P.2d 584.
The State relies on State v. Mora and State v. Norby for its contention that a new charge had to be filed to establish superior court personal jurisdiction over Mr. Golden. State v. Mora, 138 Wash.2d 43, 977 P.2d 564 (1999); State v. Norby, 122 Wash.2d 258, 858 P.2d 210 (1993).
Mora says that, when the juvenile court undertakes proceedings against a juvenile under its exclusive jurisdiction, the superior court can acquire jurisdiction over the prosecution only if the juvenile jurisdiction is declined, either in the court's discretion after a hearing, or automatically if the specific nature of the charge mandates it. This refers to the automatic decline provisions of RCW 13.04.030(1)(e)(v) for juveniles 16 or 17 years old charged with certain serious violent offenses. Mora, 138 Wash.2d at 48-49, 977 P.2d 564. Mora does not overrule those cases recognizing the constitutional jurisdiction of the superior court in matters not expressly vested in the jurisdiction of another court.
Norby merely states that no court may exercise criminal jurisdiction in the absence of any charge. Norby, 122 Wash.2d at 269, 858 P.2d 210. Here, we have both a charge and a disposition order.
Mr. Golden was charged in 1992 with committing the crime of arson in the state of Washington. This gave the superior court jurisdiction over his person. Because he was a juvenile, the juvenile division of the court had exclusive jurisdiction over all proceedings until he was 18. But Mr. Golden was over 18 when he filed this motion. If the juvenile court retained personal jurisdiction, therefore, Mr. Golden could invoke it.[2] If the juvenile court did not retain jurisdiction, nothing in the rules prevents him from invoking *592 the general jurisdiction of the superior court.
C. POWER TO RENDER THE PARTICULAR JUDGMENT
The third element of complete jurisdiction is the power to enter the particular judgment at issue. The superior court is empowered by court rule to render the particular judgment at issue here, i.e., to grant relief from an erroneous judgment when justice so requires. CrR 7.8(b)(5); State v. Hardesty, 129 Wash.2d 303, 315, 915 P.2d 1080 (1996).
The superior court had jurisdiction to hear a collateral attack on the juvenile conviction.
II. TIMELINESS
RCW 10.73.090(1) imposes a one-year filing deadline to collaterally challenge a judgment that is valid on its face and rendered by a court of competent jurisdiction. The State argues that failure to file a collateral attack on a judgment within one year deprives the superior court of jurisdiction to hear the challenge because RCW 10.73.090 is a statute of limitation. RCW 10.73.090(1), (2).
We agree with the superior court that the 1992 disposition is not valid on its face and that the juvenile court was without jurisdiction to enter it. The disposition is therefore subject to collateral challenge.
A. FACIAL INVALIDITY
"Invalid on its face" means that the judgment's infirmities are evident without further elaboration. In re Pers. Restraint of Stoudmire, 141 Wash.2d 342, 353, 5 P.3d 1240 (2000). Here, a disposition was entered on a plea of guilty by a defendant who was presumptively incapable of committing a crime absent clear and convincing evidence to the contrary.
B. JUVENILE COURT JURISDICTION
Again, complete jurisdiction includes subject matter, person, and the power to enter the judgment. Werner, 129 Wash.2d at 493, 918 P.2d 916.
In Washington, a determination of capacity is required to confer general jurisdiction to punish a 10-year-old for a crime. The State has criminal jurisdiction only over people who commit a crime in the state. RCW 9A.04.030(1). A child of 10 is presumptively incapable of committing a crime. RCW 9A.04.050. The presumption of incapacity may be overcome only by proof that is clear, cogent, and convincing. RCW 9A.04.050; State v. Q.D., 102 Wash.2d 19, 25, 685 P.2d 557 (1984).
When a capacity or competency determination is required by the statute creating jurisdiction, the failure to comply does not deprive the court of jurisdiction over the subject matter or the person. State v. Gilman, 105 Wash.App. 366, 369, 19 P.3d 1116 (2001). But it does deprive the court of the authority to act. People v. Superior Court, 1 Cal.4th 56, 820 P.2d 613, 617, 2 Cal.Rptr.2d 389 (1991).
The juvenile court, therefore, had jurisdiction solely to conduct a capacity hearing. Until that was done, the court had no authority to do anything but dismiss the charge. RCW 10.73.090 does not, therefore, time-bar the motion for relief of judgment.
C. NOTICE OF LIMITS ON COLLATERAL REVIEW
The State concedes that Mr. Golden received no notice of his right to collateral review and the time restrictions, but contends that notice was not required. It relies on In re Pers. Restraint of Becker, in which this court interprets RCW 10.73.110 as requiring notice only when a court rule also specifically requires it. In re Pers. Restraint of Becker, 96 Wash.App. 902, 908, 982 P.2d 639 (1999), aff'd, 143 Wash.2d 491, 20 P.3d 409 (2001). Here, both court rules and the juvenile justice statute require notice.
Mr. Golden was sentenced under JuCR 7.12(b), which incorporates CrR 7.2(b). CrR 7.2(b) requires that notice of the time limits on the right to collateral attack imposed by RCW 10.73.090 shall be given and also that it shall be made a part of the record.
The time limit of RCW 10.73.090(1) is conditioned on compliance with RCW 10.73.110, requiring notice of its terms. In re Pers. Restraint of Vega, 118 Wash.2d 449, *593 451, 823 P.2d 1111 (1992) (when notice is required by statute, failure to comply creates an exemption to the time restriction, and a petition for collateral review must be treated as timely). RCW 10.73.110 is unambiguous. It imposes the duty that the court shall advise the defendant at the time judgment and sentence is pronounced in a criminal case of the time limit specified in RCW 10.73.090. The general rule of statutory interpretation is that "shall" is imperative. State v. Krall, 125 Wash.2d 146, 149, 881 P.2d 1040 (1994) (interpreting RCW 9.94A.142(1) which imposes a 60-day time limit on restitution).
Moreover, the Juvenile Justice Act of 1977 also requires that the juvenile "shall be advised of his or her rights when appearing before the court." RCW 13.40.140(1).
Here, there is no record of Mr. Golden having been informed about the rights and restrictions of chapter 10.73 RCW. The record does contain a form entitled "Notice of Rights." Clerk's Papers at 11. But this list does not mention collateral review.
Generally, we do not give dispositive effect to procedural rules that conflict with the right to challenge the trial court's jurisdiction or other manifest error affecting a constitutional right. RAP 2.5(a). This includes restrictions on the right to collateral review. State v. Brand, 120 Wash.2d 365, 369, 842 P.2d 470 (1992) ("we limit collateral review, but not so rigidly as `to prevent the consideration of serious and potentially valid claims'") (quoting In re Pers. Restraint of Cook, 114 Wash.2d 802, 809, 792 P.2d 506 (1990)).
Mr. Golden's motion was not barred under chapter 10.73 RCW.
III. REASONABLE TIME ELEMENT OF CrR 7.8(b)(5)
The State next argues that "reasonable time" for the purposes of CrR 7.8 means one year. This is because the one-year deadline of RCW 10.73.090 applies.
CrR 7.8(b) permits the court to grant relief from a judgment that is void (CrR 7.8(b)(4)) or for any other reason justifying relief (CrR 7.8(b)(5)). The time limit for seeking relief is "a reasonable time." CrR 7.8(b). The rule also provides a one-year window in which to seek relief for reasons such as mistake, inadvertence, or new evidence.
The State argued below that eight and one-half years was not a reasonable time because the loss or destruction of the record of the juvenile proceedings meant the court could not determine whether a capacity hearing had been held or otherwise address the merits of the motion. Report of Proceedings at 12. The State does not pursue those arguments on appeal. Instead the State contends that a "reasonable time" cannot be longer than one year in this case because of the operation of RCW 10.73.090(1).
The State suggests that State v. Olivera-Avila holds that because of chapter 10.73 RCW, a reasonable time means one year in all cases. State v. Olivera-Avila, 89 Wash. App. 313, 949 P.2d 824 (1997). But that case does not define a reasonable time as one year in those cases in which chapter 10.73 RCW does not apply. Id. at 320, 949 P.2d 824. And chapter 10.73 RCW does not apply here, for the reasons set out in our discussion of collateral review time.
The CrR 7.8 motion was not untimely under its own terms. The court was within its discretion to consider it.
IV. FAILURE TO ESTABLISH CAPACITYGOOD CAUSE
The State next challenges the substance of the motion to dismiss the plea. It argues that failure to determine capacity is not fatal to the validity of the plea or the disposition. This is because the determination of capacity is not a jurisdictional pre-requisite. State v. J.B., 91 Wash.App. 659, 958 P.2d 368 (1998).
The State did not argue, either in its trial brief or at the hearing on the motion, that Mr. Golden had the burden of proving that no capacity determination was made or that a finding of capacity was not essential to the validity of the plea or disposition. The State's argument at the hearing was that the loss or destruction of the record of the juvenile proceedings went to the reasonable time requirement of CrR 7.8(b). Without records, the court could not determine whether a capacity hearing was held or otherwise address the merits of the motion.
*594 That aside, as we have concluded, the court had no authority to act absent a determination that Mr. Golden was legally capable of committing the crime. RCW 9A.04.050(1).
Moreover, the juvenile justice statute requires that all proceedings be transcribed verbatim to create an accurate record. RCW 13.40.140(5). This duty is imposed on the court, not on the juvenile. When neither party contends a proceeding was held and nothing in the record suggests there was even any discussion of it, we may presume the proceeding did not take place. State v. Rosenbaum, 56 Wash.App. 407, 411, 784 P.2d 166 (1989).
V. UNPUBLISHED OPINIONS
At the hearing on the motion, counsel for Mr. Golden directed the trial court's attention to our unpublished decision in the matter of State v. Christoph, No. 19112-5-III, 103 Wash.App. 1051, 2000 WL 1854134 (Wash.Ct.App. Dec.19, 2000). In that case, Ms. Christoph was facing termination of her parental rights because of a juvenile plea of guilty to a sex offense. The State made the same argument it presents herethat no Washington court has jurisdiction to hear a motion to withdraw a juvenile guilty plea after the juvenile turns 18. Christoph rested on well-settled law that the superior court did have jurisdiction. We also held that the Christoph motion was not time-barred under RCW 10.73.090 because of lack of notice.
The State correctly notes that unpublished opinions may not be considered by any court. Nor may they be cited as authority. RAP 10.4(h). Mr. Golden's counsel did not cite Christoph as authority in a brief, either for trial or on appeal. The trial court did consider the authorities contained therein and found our analysis instructive, though. But the unpublished opinion was not cited to this court and so the rule was not violated.
The judgment of the trial court is affirmed.
WE CONCUR: BROWN, C.J., and KATO, J.
NOTES
[1] Clerk's Papers at 10.
[2] The parties do not explain why the juvenile court's assertion of extended primary jurisdiction is ineffective. It is immaterial, however, under this analysis.