FILED
COURT OF APPEALS
DIVISION II

2013 SEP 17 AM 8:39

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42441-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| SHERRI A. BOSESKI, | |
| Appellant. | |

BJORGEN, J. — Sherri A. Boseski appeals the trial court's denial of her motion to withdraw her guilty plea as untimely. Boseski argues that her motion was not time barred because: (1) her judgment and sentence was invalid, (2) equitable tolling applies, and (3) she presents new evidence. On the merits, she argues that her plea was not knowing, intelligent, and voluntary because: (1) it lacked factual basis, (2) she did not plead guilty to the elements of the offense, (3) she lacked competency at arraignment, and (4) she received ineffective assistance of counsel. Additionally, in her statement of additional grounds, Boseski argues that (1) the court never arraigned her on the amended charges; (2) police violated her rights by attempting to enter her home without a search warrant; (3) after her imprisonment, she was illegally tased, tackled, and refused medical care; (4) authorities illegally held her on a military base; (5) the court ordered that she take any medically prescribed medications, including antipsychotic medication, which interfered with her rights to a fair trial; and (6) the court denied her a public defender, which interfered with her right to a fair trial. Finding that her motion is time barred, we affirm the trial court.

FACTS

## I. UNDERLYING ASSAULT

Responding to a domestic dispute report, police knocked several times on Boseski's apartment door. In response, Boseski yelled, "[F]*ck you, get a warrant." Clerk's Papers (CP) at 270. The police officers were concerned about possible domestic violence and instructed her to come to the door. Boseski refused, announcing, "If anyone comes in, someone's going to die!" CP at 267.

After several more minutes of knocking, Boseski came to the door with a gun in her hand, positioned across her stomach and pointed in the direction of one of the officers. Police used a taser gun on Boseski and she fell over, dropping her gun. Boseski resisted the police officers' efforts to bring her to a patrol car, attempting to kick the officers. Eventually, they carried her to the patrol car and transported her to jail.

## II. PROCEDURAL FACTS

The trial court found probable cause for a charge of first degree assault and also ordered that Boseski receive a "safe-to-be-at-large evaluation" based on concerns for her mental health. Verbatim Report of Proceedings (VRP) (Jan. 8, 2009) at 7. The State charged Boseski with second degree assault with a deadly weapon[1] and third degree assault on a law enforcement officer.[2] Boseski entered a not guilty plea to both counts. In an amended information, the State

---

[1] RCW 9A.36.021(1)(c):
> (1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:
> . . . .
> (c) Assaults another with a deadly weapon.

[2] RCW 9A.36.031(1)(g).

2

added a firearm enhancement to the second degree assault charge.

Boseski made a plea bargain with the State. Her statement on the plea read,

> I am charged with Assault 2 & Assault 3. The elements are: In [the] state of Washington, intentionally assaulted another & intentionally assaulted a law enforcement officer while performing their official duties.

CP at 49. Her statement also acknowledged that she pleaded guilty to "count I -Assault II" and

"count II-Assault III in the amended information." CP at 55.

In exchange for her plea, the State removed the firearm enhancement and, in a second

amended information, re-alleged the charges for second degree assault with a deadly weapon and

third degree assault on a law enforcement officer. When Boseski entered her guilty plea, the

court asked if she understood that second degree assault is a strike offense, informed her of the

maximum sentence range for each charge, informed her of the State's sentencing

recommendations, and Boseski affirmed that she understood. The trial court read her factual

statement into the record:

> I intentionally assaulted a person and inflicted reckless substantial bodily harm. I also intentionally assaulted a police officer who was performing his official duties at the time of the assault.[3]

VRP (June 22, 2009) at 6.

On July 9, 2009, the court sentenced Boseski to 10 months for second degree assault and

8 months for third degree assault, with the sentences running concurrently. Boseski's judgment

and sentence informed her in writing that she had one year to move to withdraw her guilty plea,

but the trial court did not verbally inform her of that fact.

---

[3] This language mirrors RCW 9A.36.021(1)(a) and RCW 9A.36.031(1)(g).

Two years after receiving her sentence, Boseski moved to withdraw her guilty plea. She argued that her claim was not time barred because she did not mention a deadly weapon in her guilty plea statement and that, therefore, her judgment and sentence was invalid on its face. Boseski told the court that she did not know that she could move to withdraw her plea and she did not review her judgment and sentence. The trial court rejected her argument, finding that the judgment and sentence was valid on its face and that Boseski's motion was time barred. The trial court denied Boseski's reconsideration motion. Boseski appeals.

## ANALYSIS

### I. TIMELINESS

Boseski argues that her motion was not time barred because: (1) the trial court failed to advise her that she could collaterally attack, making her judgment and sentence invalid, (2) equitable tolling applies, and (3) she presents new evidence. The State responds that Boseski's collateral attack is time barred because (1) her judgment is valid on its face, (2) equitable tolling does not apply, and (3) she does not meet the standard for new evidence. The State is correct.

A.     Standard of Review

We review the trial court's decision to deny a motion to withdraw a guilty plea for abuse of discretion. *State v. A.N.J.*, 168 Wn.2d 91, 106, 225 P.3d 956 (2010). "'A trial court abuses its discretion when it bases its decisions on untenable or unreasonable grounds.'" *State v. Martinez*, 161 Wn. App. 436, 440, 253 P.3d 445, *review denied*, 172 Wn.2d 1011, 259 P.3d 1109 (2011) (quoting *State v. Pierce*, 155 Wn. App. 701, 710, 230 P.3d 237 (2010)).

4

No. 42441-0-II

B.    Judgment And Sentence Valid On Its Face

Under RCW 10.73.090[4] Boseski could move to withdraw her guilty plea on any ground within one year from the time her judgment became final. After that one-year period, the plea could be withdrawn only if the judgment were invalid on its face or were rendered by a court without jurisdiction, RCW 10.73.090(1), or if one or more of six specific grounds listed in RCW 10.73.100 were present.

Generally, the judgment and sentence is invalid for purposes of RCW 10.73.090 when the trial court imposes an unlawful sentence, unauthorized by statute. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135, 267 P.3d 324 (2011). Examples of a sentence unauthorized by statute include: (1) a sentence exceeding the statutory maximum, (2) a sentence for a nonexistent crime, and (3) a sentence that included a washed out prior offense. *Coats*, 173 Wn.2d at 135-36.

Although we will look beyond the judgment and sentence's four corners, we limit our review to only the documents that reveal facially validity. *Coats*, 173 Wn.2d at 138-39. Consequently, we may review, among other documents, charging documents, verdicts, and a defendant's guilty plea statement in order to determine whether a judgment and sentence is valid

---

[4] RCW 10.73.090 provides, in relevant part:
> (1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
> (2) For the purposes of this section, "collateral attack" means any form of postconviction relief other than a direct appeal. "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment.

5

on its face. *Coats*, 173 Wn.2d at 140. However, we will not examine documents related to the fairness of a trial, such as jury instructions or trial motions. *Coats*, 173 Wn.2d at 140.

Although we will examine a plea statement to evaluate a claim that a judgment and sentence is not valid on its face, we will not examine the judgment and sentence to determine whether the plea was voluntary. *Coats*, 173 Wn.2d at 142. An involuntary plea does not render a judgment and sentence facially invalid. *Coats*, 173 Wn.2d at 141. In *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 531, 55 P.3d 615 (2002), no one informed the defendant that a consequence of his guilty plea was mandatory community placement. Nevertheless, our Supreme Court rejected his argument that the judgment and sentence was facially invalid, despite acknowledging that had he timely raised that challenge in a personal restraint petition, he likely would have prevailed. *Coats*, 173 Wn.2d at 141 (citing *Hemenway*, 147 Wn.2d at 533). Stated another way, "an invalid plea agreement cannot on its own overcome the one year time bar or render an otherwise valid judgment and sentence invalid." *In re Pers. Restraint of McKiearnan*, 165 Wn.2d 777, 782, 203 P.3d 375 (2009).

Boseski relies on *State v. Golden*, 112 Wn. App. 68, 78, 47 P.3d 587 (2002), to argue that the trial court failed to advise her, either "in writing or orally, of the one-year time limit in which to collaterally attack the sentence." Br. of Appellant at 12. She is correct that *Golden* does hold that RCW 10.73.090(1)'s time limit is conditioned on compliance with RCW 10.73.110[5] and that, therefore, the trial court has a duty to advise a defendant of the one-year time limit when it

---

[5] RCW 10.73.110:
> At the time judgment and sentence is pronounced in a criminal case, the court shall advise the defendant of the time limit specified in RCW 10.73.090 and 10.73.100.

pronounces judgment and sentence. *Golden*, 112 Wn. App. at 78. In *Golden*, however, there was "no record of Mr. Golden having been informed about the rights and restrictions of chapter 10.73 RCW." *Golden*, 112 Wn. App. at 78. In contrast, Boseski's judgment and sentence expressly informed her of the one-year time limit to move to withdraw her guilty plea. Written notice in the judgment and sentence satisfies RCW 10.73.110's requirement that the court advise the defendant of the one-year time limit. *State v. Robinson*, 104 Wn. App. 657, 664, 17 P.3d 653 (2001). Boseski received that notice.

Further, *Golden* did not base its timeliness holding on RCW 10.73.110. Rather, *Golden* held that the defendant met the timeliness threshold because the juvenile court never held a capacity hearing or entered capacity findings, and, thus, failed to establish jurisdiction over Golden; therefore, the 1992 disposition was invalid on its face. *Golden*, 112 Wn. App. at 76, 72. Here, the trial court had jurisdiction and nothing about the trial court's sentence is unlawful or unsupported by statute; specifically, the trial court imposed 10 months for second degree assault and 8 months for third degree assault, with the sentences running concurrently. *See Coats*, 173 Wn.2d at 135-36. Under *Coats* and *Golden*, the judgment and sentence are valid on their face.

## II. EQUITABLE TOLLING

Boseski argues that equitable tolling prevents application of RCW 10.73.090's one-year time bar. The State responds that her equitable tolling argument is without merit because that remedy applies in only the narrowest of circumstances. We agree with the State.

"Equitable tolling is a remedy that permits a court to allow an action to proceed when justice requires it, even though a statutory time period has elapsed." *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 141, 196 P.3d 672 (2008). We are, however, "reluctant to apply

exceptions to legislative time limits." *Bonds*, 165 Wn.2d at 143. Justice generally requires equitable tolling in cases involving another's bad faith, deception, or false assurances. *Bonds*, 165 Wn.2d at 144. Our Supreme Court has also recognized that equitable tolling is available under the "actual innocence doctrine," which does not require bad faith or other malfeasance. *In re Pers. Restraint Carter*, 172 Wn.2d 917, 929, 263 P.3d 1241 (2011). Nonetheless, it recognized that actual innocence only allows equitable tolling in "the narrowest of circumstances" and only "where justice requires." *Carter*, 172 Wn.2d at 929.

Here, Boseski's judgment and sentence included written notice of the one-year time limit to move to withdraw her guilty plea. As noted above, under *Robinson* notice of the one-year limit in the judgment and sentence satisfies the notice requirement of RCW 10.73.110. *Robinson*, 104 Wn. App. at 664. Boseski argues that the trial court did not verbally advise her of the time limit and that she never had the opportunity to read her judgment and sentence. The record, though, shows that Boseski received a copy of her judgment and sentence and suggests nothing that prevented her from reading it. More significantly, there is no evidence of malfeasance on anyone's part. Boseski has not demonstrated that her motion was untimely because of another's deception or due to another circumstance of the sort approved in *Bonds* and *Carter*. Therefore, equitable tolling does not apply.

### III. ADDITIONAL EVIDENCE

Boseski also argues that her motion was not time barred because she discovered new evidence as provided by RCW 10.73.100. The State responds that the exception does not apply because her proffered evidence does not meet the statutory requirements for newly discovered evidence. Again, we agree with the State.

No. 42441-0-II

RCW 10.73.100(1) provides that the one-year time limit does not apply when the petitioner bases a motion on "[n]ewly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion." Under this rule, the defendant must show that the evidence:

(1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching.

*In re Pers. Restraint of Lord*, 123 Wn.2d 296, 319-20, 868 P.2d 835 (1994) (quoting *State v. Williams*, 96 Wn.2d 215, 223, 634 P.2d 868 (1981)) (emphasis omitted).

Boseski argues that her motion is not time barred based on the new evidence from a fire department incident report. That report includes the text, "P/Exam, v/s, Pt transported via TPD to SPH." CP at 135. With minimal elaboration, Boseski appears to argue that the report indicates the police took her to the hospital rather than to jail. In contrast, the police report stated that police transported Boseski to jail. Boseski argues that this is material evidence because it reveals inconsistencies between the reports from the police department and the fire department.

Here, the fire department's report potentially impeaches the police officer's report. But Boseski's own declarations support the police officers' report that she did not go to the hospital that night. Thus, it is unclear how this potential impeachment is significant. Boseski does not address the five *Williams* prongs; nor does she appear to meet the first, fourth, or fifth of them. We therefore, reject her "new evidence" argument.

Because we reject Boseski's arguments that her motion avoided the time bar, we do not consider the merits of her motion to withdraw her guilty plea.

9

IV. STATEMENT OF ADDITIONAL GROUNDS (SAG)

In addition to arguments made by her attorney, Boseski further argues in her SAG[6] that (1) the court never arraigned her on the amended charges; (2) police violated her rights by attempting to enter her home without a search warrant; (3) police illegally tased and tackled her while making the arrest and then illegally refused her medical care; (4) authorities illegally held her on the military base; (5) the court ordered that she take any medically prescribed medications, including antipsychotic medication, which also interfered with her rights to a fair trial; and (6) the court denied her a public defender, which interfered with her right to a fair trial.[7]

We do not address these claims on the merits for a number of reasons. First, Boseski has waived her claims (1) that the State did not rearraign her on the amended charges, (2) that police attempted to enter her home without a warrant, (3) that the trial court ordered her to take prescribed medications, and (4) that the trial court denied her a public defender. As held above, her attempt to withdraw her guilty plea is time barred, and the plea stands. "'[A] voluntary plea of guilty waives all defenses other than that the complaint, information, or indictment charges no offense. This includes the right to trial and the incidents thereof.'" *State v. Wilson*, 25 Wn. App. 891, 895, 611 P.2d 1312 (1980) (quoting *Woods v. Rhay*, 68 Wn.2d 601, 606-07, 414 P.2d 601 (1966)). Thus, these claims are waived.

We cannot review her claims that after her imprisonment, she was illegally tased, tackled, refused medical care, and held on the military base, because they rely on information outside the

---

[6] RAP 10.10(a).

[7] Boseski does not challenge the trial court's finding that as an army captain she is not indigent.

No. 42441-0-II

record. A personal restraint petition is the appropriate means to raise such issues.[8] *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995).

We affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

PENOYAR, J.

WORSWICK, C.J.

---

[8] Boseski's SAG contains a portion labeled Personal Restraint Petition. As stated in the letter of June 14, 2002 from the clerk of this court, we will not consider this as a personal restraint petition, because such a petition is subject to a different set of rules in the RAP. Boseski may file a personal restraint petition if consistent with the proper rules.