IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35628-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| RUSSELL PAUL KASSNER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Russell Kassner appeals the superior court's denial of his CrR 7.8 motion to vacate his first degree child molestation conviction. We affirm.

KASSNER'S PLEA AND SUBSEQUENT MOTION

Russell Kassner allegedly began sexually abusing one of his adopted sisters when he was 10 and she was 4. The sexual abuse allegedly continued until Kassner was 17 and his adopted sister was 11. While law enforcement investigated, Kassner turned 18.

In late November 1995, the State charged Kassner in adult court with one count of first degree child molestation, related to when he was 10, and one count of second degree child rape, related to when he was 17.

In March 1996, the parties reached a plea deal. Kassner agreed to plead guilty to the older first degree child molestation charge, and the State agreed to dismiss the more serious rape charge. The State also agreed to recommend a special sex offender sentencing alternative (SSOSA) and to bring no further charges against Kassner arising from the underlying investigation. That month, Kassner pleaded guilty to the older charge and the State dismissed the more serious charge. In May 1996, the trial court sentenced Kassner consistent with the State's SSOSA recommendation.

In June 2017, Kassner moved to vacate his 1996 first degree child molestation conviction. Kassner argued that the trial court failed to conduct a hearing, as required by RCW 9A.04.050, on whether he had sufficient capacity to commit the crime when he was 10. The trial court denied Kassner's motion. It reasoned, "the defendant was charged in adult court after he became an adult, he was represented by counsel, and he negotiated a beneficial plea agreement that conveyed clear benefit to him." Clerk's Papers at 49. The trial court also found that Kassner's motion to vacate his conviction was not brought within a reasonable time, and that granting the motion would work an injustice against the State in having to prosecute a second degree child rape charge that was previously dismissed through negotiations.

Kassner timely appealed.

2

No. 35628-1-III
*State v. Kassner*

KASSNER'S MOTION TO STRIKE

Kassner filed a motion to strike "Attachment A" to the State's brief. Attachment A is a presentence investigation report. Kassner argued that the report was not part of the record considered by the 2017 trial court. The State responded that the report was filed in the confidential portion of the clerk's record, but the report was lost when the record was scanned years ago. The report contains an admission by 18-year-old Kassner that he had begun molesting his adopted sister when he was 14 or 15, and she was 7 or 8.

In denying Kassner's motion, our court commissioner ruled:

> Mr. Kassner pleaded guilty before the report was compiled, but the court did not enter its judgment and sentence on that plea until after the report. The report is relevant to whether Mr. Kassner had the capacity to commit the crime under RCW 9A.04.050, even though he was an adult when convicted. Its timing may or may not be material and is subject to argument before the panel that decides this appeal. But for our purpose here, this Court has determined that the ends of justice are served by adding the report, whether or not it satisfies all the requirements of RAP 9.11(a) for additional evidence. *See Sears v. Grange Ins. Ass'n*, 111 Wn.2d 636, 640, 762 P.2d 1141 (1988). It is evidence the superior court would have had when it considered Mr. Kassner's motion to withdraw his plea, but for the happenstance of it being lost when the file was "back-saved."

Comm'r's Ruling, *State v. Kassner*, No. 35628-1-III (Wash. Ct. App. June 5, 2018), at 2-3.

Kassner moved to modify our commissioner's ruling. We will address his motion at the end of this opinion.

ANALYSIS

Kassner argues that the trial court erred by denying his motion to vacate his 1996 first degree child molestation conviction.

A.      STANDARD OF REVIEW

The trial court's denial of a motion to vacate under CrR 7.8 is reviewed for an abuse of discretion.  *State v. Ellis*, 76 Wn. App. 391, 394, 884 P.2d 1360 (1994).  A trial court abuses its discretion when its decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'"  *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).  A trial court's decision is based on untenable grounds when the decision is contrary to law.  *City of Kennewick v. Day*, 142 Wn.2d 1, 15, 11 P.3d 304 (2000).

B.      JURISDICTION TO ENTER 1996 CONVICTION

Kassner argues that the trial court committed legal error when it failed to conclude that his 1996 conviction was invalid for lack of jurisdiction.  We disagree.

> In adopting Washington Constitution, article IV, section 6, the people of this state granted the superior courts original jurisdiction "in all criminal cases amounting to felony" and in several other enumerated types of cases and proceedings.  In these enumerated categories where the constitution specifically grants jurisdiction to the superior courts, the legislature cannot restrict the jurisdiction of the superior courts.

*State v. Posey*, 174 Wn.2d 131, 135, 272 P.3d 840 (2012).

4

First degree child molestation is a class A felony.  RCW 9A.44.083(2).  For this reason, the trial court had jurisdiction to convict Kassner of this crime.

Kassner argues that the trial court's jurisdiction was limited to determining whether, at 10 years of age, he had the capacity to commit a crime; and, until that question was answered, the trial court lacked jurisdiction to convict him of the crime. Kassner's argument is predicated on our decision in *State v. Golden*, 112 Wn. App. 68, 47 P.3d 587 (2002).

George Golden was 10 years old when he pleaded guilty in juvenile court to arson. *Id.* at 71.  The court entered a disposition without first conducting a capacity determination as provided by RCW 9A.04.050.[1]  *Id.* at 72.  Years later, Golden sought to vacate his conviction on the basis that the juvenile court lacked jurisdiction to enter a conviction.  *Id.* at 71-72.  We agreed, and held:

> When a capacity or competency determination is required by the statute creating jurisdiction, the failure to comply does not deprive the court of jurisdiction over the subject matter or the person.  But it *does* deprive the court of the authority to act.

---

[1] RCW 9A.04.050 provides in relevant part:

Children of eight and under twelve years of age are presumed to be incapable of committing crime, but this presumption may be removed by proof that they have sufficient capacity to understand the act or neglect, and to know that it was wrong.

5

> The juvenile court, therefore, had jurisdiction solely to conduct a capacity hearing. Until that was done, the court had no authority to do anything but dismiss the charge. RCW 10.73.090 does not, therefore, time-bar the motion for relief of judgment.

*Id.* at 77 (citations omitted).

When we decided *Golden*, Washington law recognized three elements for every valid judgment: jurisdiction of the subject matter, jurisdiction of the person, and the power or authority to render the particular judgment. *See State v. Werner*, 129 Wn.2d 485, 493, 918 P.2d 916 (1996). *Werner* was overruled six years ago by *Posey*, 174 Wn.2d at 138-40.

In *Posey*, the court noted that *Werner*'s distinction between "subject matter jurisdiction" and "the power or authority to render the particular judgment" rested on "an antiquated understanding of subject matter jurisdiction." *Id.* at 138. To the extent *Golden* holds that RCW 9A.04.050 is a statute that deprives the court of jurisdictional "authority to act," it is overruled by *Posey*.

We conclude the 1996 trial court had jurisdiction to convict Kassner of first degree child molestation, despite not first finding that he, at the age of 10, had the capacity to

6

commit a crime. The 2017 trial court did not err in denying Kassner's motion to vacate

his conviction.[2]

Affirmed.

Lawrence-Berrey, C.J.
_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, J.

---

[2] Because the presentence investigation report is not necessary to decide the issues on review, we decline to allow the additional evidence. RAP 9.11(a)(1). We therefore grant Kassner's motion to modify and strike Attachment A and all references to it from the State's brief.