# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52357-4-II |
| Respondent, | |
| v. | |
| A.X.K. | PUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — A juvenile court adjudicated AK guilty of attempted rape of a child in the first degree. The evidence at trial indicated that the incident occurred before AK turned 12 years old. The court never held a capacity hearing.

AK argues that the court erred by not holding a capacity hearing and that his adjudication should be reversed. AK also contends that insufficient evidence supports his adjudication and that the court erred in admitting the child victim's out-of-court statements.

We remand to the juvenile court to hold a capacity hearing. If the court determines that AK had the capacity to commit the charged offense, the adjudication shall be affirmed. If the court determines that AK did not have the capacity to commit the charged offense, the adjudication must be dismissed.

FACTS

EH was born in August 2007. Approximately nine years later, EH's parents, Brittnay and Alexander, filed for dissolution of their marriage.[1] They had a contentious dissolution proceeding. Pursuant to a court-ordered parenting plan, EH began splitting time between Brittnay's and Alexander's residences. EH spent three days with Brittnay and the rest with Alexander.

Sometime thereafter, Brittnay began a relationship with a man named Christopher, and the two began living together. Christopher had a son, AK, who was born on September 1, 2004.

In March 2017, Alexander's sister, Joanna, babysat EH. During the evening, EH began pulling on Joanna's pants. Joanna questioned EH about his actions. EH did not initially respond but eventually apologized. Within hours, Joanna initiated a video chat with her brother and told him about the incident.

During the video chat, Alexander scolded EH for pulling on Joanna's pants. He asked EH where he learned to do that, and EH told him that AK had pulled down his pants and attempted to penetrate him. EH did not give a specific time when the incident occurred.

Shortly after the accusations, Alexander filed pleadings in the ongoing dissolution proceedings that reflected EH's allegations. As a result, the court ordered that Brittnay have no contact with EH.

In late March, Kim Holland, a forensic interviewer with the Children's Justice Center, conducted a forensic interview with EH.[2] Near the beginning of the interview, Holland asked EH whether he knew why she was interviewing him. EH responded that Alexander had brought him

---

[1] For clarity and privacy, we use the first names of many adults in this case. We intend no disrespect.

[2] The court admitted a video of the interview and played it at trial.

to talk about AK. EH then described how AK had sexually abused him. During the interview, EH said that AK abused him in August 2016 and that the abuse occurred in a hallway. He also stated that he waited a long period of time before he disclosed the abuse to Alexander. AK turned 12 years of age on September 1, 2016.

In October 2017, the State charged AK with attempted rape of a child in the first degree. The State alleged in the information that the crime occurred "on or about or between September 1, 2016 and March 3, 2017." Clerk's Papers (CP) at 1. The State later amended the information to add a charge of child molestation in the first degree, occurring over the same time period. The matter proceeded to trial.[3]

At trial, EH testified and could not specify when the incident occurred. When the prosecutor asked him whether he knew what month it occurred, EH responded that he did not. When asked whether the abuse occurred in the hallway, EH responded "maybe or maybe not." Report of Proceedings (RP) (Mar. 28, 2018) at 90. EH also testified that he wanted Brittnay and Alexander to reconcile.

Alexander testified that when EH disclosed the incident to him, "[h]e didn't give a specific time when it happened." RP (Mar. 28, 2018) at 118.

---

[3] The court heard all of the evidence at trial before ruling on the admissibility of any out-of-court statements under RCW 9A.44.120. After the court ruled on the admissibility of out-of-court statements, it then ruled on AK's guilt.

At the conclusion of the evidence, the court went through the *Ryan*[4] factors on the record and admitted EH's out-of-court statements. The court then adjudicated AK guilty of attempted rape of a child in the first degree.[5]

In support of its rulings, the court found "[t]hat about September 1, 2016 to March 3, 2017 [AK] did an act that was a substantial step toward having sexual intercourse with [EH]." CP at 53. AK appeals.

## ANALYSIS

### I.     SUFFICIENCY OF THE EVIDENCE

AK argues that insufficient evidence supports his conviction because the evidence only showed that the abuse occurred before he turned 12 years old and therefore the State failed to prove that he had the capacity to commit the crime. Because capacity is not an element of the crime, we disagree.

"[F]ollowing a bench trial, appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). We examine the findings to decide whether, when viewing them in the light most favorable to the State, any rational fact finder could have found that the State proved each element of the offense beyond a reasonable doubt. *Homan*, 181 Wn.2d at 105.

Evidence is substantial if it is "sufficient to persuade a fair-minded person of the truth of the asserted premise." *Homan*, 181 Wn.2d at 106. Unchallenged findings of facts are verities on

---

[4] *State v. Ryan*, 103 Wn.2d 165, 175-76, 691 P.2d 197 (1984).

[5] The court found AK not guilty of child molestation in the first degree because the State failed to prove that AK was 36 months older than EH.

appeal. *Homan*, 181 Wn.2d at 106. We review conclusions of law de novo. *Homan*, 181 Wn.2d at 106.

To prove attempted rape of a child in the first degree, the State must establish that, with intent to commit the criminal act, the defendant took a substantial step toward having sexual intercourse with another who was less than 12 years old and not married to the defendant and the defendant was at least 24 months older than the victim. RCW 9A.28.020(1); RCW9A.44.073(1).

Children older than 8 but less than 12 years old "are presumed to be incapable of committing crime, but this presumption may be removed by proof that they have sufficient capacity to understand the act or neglect, and to know that it was wrong." RCW 9A.04.050. However, capacity is not an element of attempted rape of a child in the first degree. "While capacity is similar to the mental element of a specific crime or offense, it is not an element of the offense, but is rather a general determination that the individual understood the act and its wrongfulness." *State v. Q.D.*, 102 Wn.2d 19, 24, 685 P.2d 557 (1984).

Here, the only evidence shows that the crime occurred in August 2016, when AK was 11 years old. Therefore, AK was presumed to lack capacity, and the State never rebutted that presumption. However, because capacity is not an element of the crime, AK's presumed lack of capacity does not implicate the sufficiency of the evidence.

Insufficient evidence claims go to the State's proof of the elements of the crime. Because capacity is not an element, AK's argument on this issue fails. When viewing the evidence in the light most favorable to the State, a rational fact finder could have found that the State proved every element beyond a reasonable doubt.

II.    CAPACITY

AK argues that the juvenile court did not have the authority to enter a judgment against him because it failed to hold a capacity hearing and he was younger than 12 years old at the time the crime occurred.  Therefore, he argues that we should reverse his conviction.  We agree that the juvenile court lacked authority but disagree with AK's proposed remedy.

As previously noted, RCW 9A.04.050 provides that children older than 8 but less than 12 years old "are presumed to be incapable of committing crime" but that this presumption can be rebutted.  JuCR 7.6(e) necessitates that a court, when a determination of capacity is required, hold a hearing on capacity within 14 days after the juvenile's first court appearance.

"The legal test [for capacity] is whether [the defendant] had knowledge of the wrongfulness of the act at the time he committed the offense."  *State v. J.P.S.*, 135 Wn.2d 34, 37-38, 954 P.2d 894 (1998).  The State must overcome the presumption of an 8 to 12 year old's lack of capacity with clear and convincing evidence.  *J.P.S.*, 135 Wn.2d at 37.  "[W]hen a juvenile is charged with a sex crime, the State carries a greater burden of proving capacity, and must present a higher degree of proof that the child understood the illegality of the act."  *State v. Ramer*, 151 Wn.2d 106, 115, 86 P.3d 132 (2004).

Until a juvenile's presumed lack of capacity is rebutted, the trial court does not have the statutory "authority to act" as to that juvenile.[6]  *State v. Golden*, 112 Wn. App. 68, 77, 47 P.3d 587 (2002).  Until the court holds a capacity hearing, it has "no authority to do anything but dismiss the charge."  *Golden*, 112 Wn. App. at 77.

---

[6] *State v. Kassner*, 5 Wn. App. 2d 536, 540-41, 427 P.3d 659 (2018), *review denied*, 192 Wn.2d 1024 (2019), clarified that a juvenile's presumed lack of capacity does not implicate the trial court's jurisdiction.

Here, the only evidence in the record indicates that AK abused EH in August 2016, before AK turned 12 years of age. The only date given in the record came from the forensic interview when EH said the sexual assault occurred in August 2016. At trial, neither EH nor Alexander could provide a date. Nor did any circumstantial evidence exist from which a reasonable fact finder could have found that the incident occurred after AK turned 12 years of age. Therefore, a presumption exists that AK lacked capacity, and the State did not rebut that presumption. As a result, we conclude that the juvenile court lacked the statutory authority to enter a judgment against AK.

However, we do not reverse AK's conviction as he requests. Rather, we remand for the court to hold a capacity hearing.

This case is analogous to the situation presented in *Dillenburg v. Maxwell*, 70 Wn.2d 331, 355, 422 P.2d 783 (1967). In that case, a probation officer signed a document which declined juvenile jurisdiction over the petitioner, a 16 year old. *Dillenburg*, 70 Wn.2d at 349. The petitioner then entered a plea of guilty. *Dillenburg*, 70 Wn.2d at 349.

The Supreme Court decided that the decline occurred improperly and determined that because of the faulty transfer, the superior court lacked authority to enter the guilty plea. *Dillenburg*, 70 Wn.2d at 352-53. Therefore, the court ordered that a hearing be held to determine "whether the facts before the juvenile 'session' of the superior court in the first instance warranted and justified the transfer for criminal prosecution." *Dillenburg*, 70 Wn.2d at 355.

> If at the time of the hearing the convicted person still be under the age of 18 years, such hearing should be held before the superior court sitting in juvenile court session. . . . [A]nd, at the conclusion of the hearing, the court would be required to make findings of fact and conclusions of law relative to any relevant and disputed issue between the prosecuting officials and the convicted person.

7

*Dillenburg*, 70 Wn.2d at 355.[7]

Here, we believe that the remedy ordered in *Dillenburg* should be applied. As in *Dillenburg*, we need to determine if the court had authority to act. Consequently, we remand to the trial court to hold a capacity hearing. If AK is found to have had capacity at the time of the crime, "then the challenged conviction will stand." *Dillenburg*, 70 Wn.2d at 355. On the other hand, if the State does not overcome the presumption that AK lacked capacity, "then the conviction should be set aside." *Dillenburg*, 70 Wn.2d at 355.

III.    SUFFICIENCY OF THE EVIDENCE—AGE DIFFERENCE

AK argues that the crime of attempted rape of a child in the first degree requires the State to prove that "he was aware of the age difference between himself and E.H.," which it failed to do. Br. of Appellant at 22. Because the State never proved that he knew of the age difference, AK contends that insufficient evidence supports his conviction. We disagree.

"[T]he age of the victim of child rape—either the child victim's actual age or the defendant's belief in a fictitious victim's age—is material to proving the specific intent element of attempted child rape." *State v. Johnson*, 173 Wn.2d 895, 908, 270 P.3d 591 (2012). When a crime involves fictitious victims, the State must "prove that [the defendant] believed his victims to be minors." *Johnson*, 173 Wn.2d at 909. However, for non-fictitious victims, i.e., when the victim falls within the terms of the statute, the State need only "show that the defendant intended to have sexual intercourse with this victim" to prove the requisite intent. *Johnson*, 173 Wn.2d at 908.

Here, the State presented evidence that EH met the statutory definition. He was less than 12 years old, not married to AK, and AK was more than 24 months older than him. RCW

---

[7] The court also provided the proper procedures to follow if the person was over 18 years of age at the time of remand. *Dillenburg*, 70 Wn.2d at 355-56. In this case, AK is still under 18 years of age, so we do not address that scenario.

9A.44.073(1). Therefore, the State needed only to prove that AK intended to have sexual intercourse with EH and took a substantial step toward doing so. We conclude that sufficient evidence exists.

IV. CHILD HEARSAY

AK argues that the trial court erred in admitting two child hearsay statements, EH's initial disclosure and EH's statements at the forensic interview. AK contends that the trial court erroneously applied the *Ryan* factors. We disagree.

"[W]e review the trial court's decision to admit child hearsay evidence for an abuse of discretion." *State v. Borboa*, 157 Wn.2d 108, 121, 135 P.3d 469 (2006). "A trial court abuses its discretion 'only when its decision is manifestly unreasonable or is based on untenable reasons or grounds.'" *Borboa*, 157 Wn.2d at 121 (quoting *State v. C.J.*, 148 Wn.2d 672, 686, 63 P.3d 765 (2003)).

We review challenges to findings of fact to determine whether substantial evidence supports each challenged finding, and we review the trial court's conclusions of law de novo to determine whether the findings support the challenged conclusions. *State v. Halstien*, 122 Wn.2d 109, 128-29, 857 P.2d 270 (1993); *State v. B.J.S.*, 140 Wn. App. 91, 97, 169 P.3d 34 (2007); *State v. Alvarez*, 105 Wn. App. 215, 220, 19 P.3d 485 (2001). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the truth of the premise's assertion. *Halstien*, 122 Wn.2d at 129. Unchallenged findings of fact are verities on appeal. *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994). We defer to the fact finder on the resolution of conflicting testimony, credibility determinations, and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004). They "are not subject to review." *State v. Cardenas-Flores*, 189 Wn.2d 243, 266, 401 P.3d 19 (2017).

"RCW 9A.44.120 governs the admissibility of out-of-court statements made by putative child victims of sexual abuse." *State v. Brousseau*, 172 Wn.2d 331, 351, 259 P.3d 209 (2011). RCW 9A.44.120 provides that statements of a child under the age of ten describing acts of, or attempts at, "sexual conduct performed with or on the child" are admissible in criminal proceedings, if the trial court concludes, after a hearing, "that the time, content, and circumstances of the statement provide sufficient indicia of reliability," and the child "[t]estifies at the proceedings."

In determining the reliability of child hearsay statements, the trial court considers the following nine *Ryan* factors:

> (1) whether there is an apparent motive to lie, (2) the general character of the declarant, (3) whether more than one person heard the statement, (4) the spontaneity of the statements, (5) the timing of the declaration and the relationship between the declarant and the witness, (6) whether the statement contained express assertions of past fact, (7) whether the declarant's lack of knowledge could be established through cross-examination, (8) the remoteness of the possibility of the declarant's recollection being faulty, and (9) whether the surrounding circumstances suggested the declarant misrepresented the defendant's involvement.

*State v. Kennealy*, 151 Wn. App. 861, 880, 214 P.3d 200 (2009) (footnote omitted). The reliability assessment is based on an evaluation of all the factors, and no single factor is determinative. *Kennealy*, 151 Wn. App. at 881. But the factors must be substantially met to establish reliability. *Kennealy*, 151 Wn. App. at 881.

AK challenges a number of the findings of fact; however, after applying the above principles of law, we conclude that substantial evidence supports the court's findings. In addition, after reviewing the findings, we conclude that the *Ryan* factors were substantially met to establish reliability.

The court carefully considered all of the *Ryan* factors and did not abuse its discretion in admitting the child hearsay statements.

10

CONCLUSION

Because no capacity hearing occurred, we remand to the juvenile court to hold a capacity hearing. If the court determines that AK had the capacity to commit the charged offense, the adjudication shall be affirmed. If the court determines that AK did not have the capacity to commit the charged offense, the adjudication must be dismissed.

Melnick, J.

We concur:

Maxa, C.J.

Glasgow, J.