State vs. Emmett.

STATE vs. EMMETT.

*Caption no part of indictment — Allegations necessary to show offense committed before indictment found.*

1. The caption is no part of an indictment, and may be amended so as to conform to the records of the term.
2. An indictment for selling liquor without license on a certain day, which appeared by the caption to have been found on that day, charged that the accused "did unlawfully vend," etc. *Held*, that this sufficiently showed that the offense was committed before indictment found; and it was not necessary to so formally allege.

CERTIFIED from the Circuit Court for *Racine* County.

*Paine & Millett*, for defendant.

*John C. Spooner*, Assistant Attorney General, for the state.

State vs. Emmett.

Cole, J. This cause was certified to this court by the circuit judge, for our decision upon the points made in the motion to arrest judgment.

The first point taken in the motion is, that it appears, from the caption of the indictment, that the offense therein charged was committed after the finding and presentation of the same by the grand jury. By the caption, the indictment purports to have been found on the 9th day of October, and the offense charged is for selling liquor on that day without a license. The caption, however, forms no part of an indictment, or presentment of the grand jury. It is merely a formal statement of the proceedings, describing the court before which the indictment was found, and may be amended so as to conform to the records of the term. 1 Chitty's Crim. Law, 326, and cases cited in notes; 1 Archb. Crim. Plead., Waterman's Notes, p. 255. The plain import of this indictment is, that the offense was committed before the finding of the bill. It charges that the defendant " did unlawfully vend and sell," etc., implying that the offense had been already committed. A like objection was taken in the case of the *State v. Pratt*, 14 N. H. 456, and overruled.

The other ground relied on, upon the motion in arrest, was, that it did not appear, from the body of the indictment, that the offense therein alleged to have been committed was committed before the finding and presentment thereof by the grand jury. In the case above cited, it is said, that it is unnecessary to allege in terms that the offense was committed before the finding of the bill, if such be the plain import of the indictment. We have already said that the plain, obvious import of this indictment was, that the offense was committed before the bill was found.

*By the Court.* — The cause must be certified back, with directions to the circuit court to overrule the motion, and proceed and render judgment on the verdict.