[No. 4327.   Decided March 19, 1903.]

THE STATE OF WASHINGTON, *Appellant,* v. JACOB SCHAF-
FER *et ux, Respondents.*

NUISANCE—MISDEMEANOR—JURISDICTION OF JUSTICE OF PEACE.

Under the jurisdiction given justices of the peace to punish
misdemeanors, they have power to punish criminally persons
guilty of the creation and maintenance of a nuisance, when made
a misdemeanor, although justices have no jurisdiction of civil
proceedings for the abatement of nuisances, because such action
is especially enumerated by the constitution as being within the
original jurisdiction of the superior court.

SAME—SUFFICIENCY OF COMPLAINT.

A complaint charging defendants with the creation and main-
tenance of a nuisance does not state facts sufficient to consti-
tute a crime, either when it charges that the offense was com-
mitted some indefinite time in the past, without showing the
acts as being within the period of limitations, or when it charges,
in words of the present tense, without specifying the time as
being before the filing of the complaint, that defendants are
maintaining a nuisance.

Appeal from Superior Court, Asotin County.—Hon.
CHESTER F. MILLER, Judge.   Affirmed.

*Walter Brooks,* Prosecuting Attorney, and *Ben F. Twee-
dy,* for the State.

*Sturdevant & Bailey* and *C. H. Baldwin,* for respond-
ents.

The opinion of the court was delivered by

FULLERTON, C. J.—The respondents were arrested on a
warrant issued out of a justice's court on a complaint pur-
porting to charge them with the offense of creating and
maintaining a nuisance.   They demurred to the complaint
on the grounds, first, that the justice's court had no juris-

diction of the subject matter of the offense; and, second, that the complaint did not state facts sufficient to constitute a crime.   The demurrer was overruled by the justice, and a trial had on the merits of the action; resulting in a judgment and sentence to the effect that the respondents pay a fine of a fixed sum, and that the nuisance be abated.   The respondents appealed to the superior court from the judgment and sentence, and there again urged the demurrer interposed in the justice's court.   This demurrer the superior court sustained, and entered a judgment dismissing the proceedings.   The state appeals from the judgment of the superior court.

Taking up the question of jurisdiction first, we are clear that a justice's court has no jurisdiction to abate a nuisance, and that the justice's judgment, in so far as it directed the nuisance which it found the respondents were maintaining to be abated, was a nullity.   By § 6 of art. 4 of the state constitution, actions to prevent and abate a nuisance are specially enumerated as being within the original jurisdiction of the superior court.   By § 10 of the same article, power is granted to the legislature to prescribe by law the powers, duties, and jurisdiction of justices of the peace, with the limitation that the jurisdiction granted shall not trench upon the jurisdiction of the superior courts.   This limitation, we held in *Moore v. Perrott,* 2 Wash. 1 (25 Pac. 906), prohibited the legislature from granting to justices of the peace jurisdiction over causes which had been specially enumerated as being within the original jurisdiction of the superior court. In that case we said:

"The language of the constitution is not that the superior courts shall have exclusive jurisdiction, but it gives to the superior courts universal original jurisdiction, leav-

ing the legislature to carve out from that jurisdiction the jurisdiction of the justices of the peace, and any other inferior courts that may be created. Thus, justices of the peace may be given exclusive original jurisdiction in cases where the demand or value of property in controversy is not $100, in cases of misdemeanor, and of other special cases and proceedings not otherwise provided for or specially enumerated as within the jurisdiction of the superior courts. It is the enumeration of the particular matters which are within the original jurisdiction of the superior courts, which we interpret to mean that those matters pertain to them exclusively. The language is not the clearest that could have been used; but, unless it is so interpreted, there can be no possible force in the restriction placed upon the legislature in its power to confer jurisdiction upon justices of the peace; for, if the minor courts can have concurrent jurisdiction with the superior courts up to $300, there is not a syllable in the constitution to prevent them from having it to any amount. This is certainly not to be conceded."

But while actions to prevent and abate a nuisance are specially enumerated, so as to fall within the exclusive original jurisdiction of the superior courts, actions to punish for a misdemeanor are not; and unless it is said that an action to punish criminally for the creation and maintenance of a nuisance is an action to prevent or abate a nuisance within the meaning of these terms as used in the constitution, then there is no prohibition against vesting in justice's courts power to punish the creation and maintenance of a nuisance as a misdemeanor. We cannot think an action to punish criminally for the creation or maintenance of a nuisance is in any sense an action to prevent or abate a nuisance. Doubtless the fact that such acts are punishable criminally has a deterrent effect on those who might otherwise create or maintain a nuisance, still it operates against the person, punishing him for the commis-

sion of the act, and has nothing to do with the nuisance itself; the judgment being satisfied when the sentence imposed is executed. The action named in the constitution is clearly a civil action directed against the nuisance itself, the judgment in which either forbids the creation of the nuisance, or directs the abatement of a nuisance already created. The action operates primarily against the thing, not against the person, and the judgment therein is satisfied by forbearing to do the thing forbidden, or performing the act directed to be performed. The power to prevent and abate a nuisance being in no way dependent on the fact whether the creation or maintenance of a nuisance be punishable criminally or not, it exists independent of and regardless of that fact. We see no reason, therefore, why the legislature may not make the act of creating or maintaining a nuisance a misdemeanor, and vest justices of the peace with jurisdiction to punish for the offense. The justice's court, then, while it was without jurisdiction to enter a judgment abating the nuisance, had jurisdiction to punish the acts of creating and maintaining the nuisance as a misdemeanor. And as the justice's court had such jurisdiction, the superior court acquired jurisdiction for the same purpose by the appeal of the respondents; and it is necessary, therefore, to inquire whether the complaint states facts sufficient to constitute a misdemeanor.

The charging part of the complaint is in the following language:

"The undersigned, being first duly sworn, upon his oath, says: That the above named defendants, towit, Jacob Schaffer and Katie Schaffer, have caused and suffered the heads, stomachs and entrails of dead animals to decay and rot on lot five (5) of Block S of the official plat of Vineland, Asotin county, and state of Washington,

now on record in the auditor's office at Asotin, in said county and state, platted and recorded by the Lewiston Water & Power Company; and the said defendants have caused and suffered filth and noisome substances to be deposited on the said real estate, and have caused and suffered the said filth and noisome substances to remain on the said real estate, to the prejudice of their neighbors and people living in the immediate neighborhood, towit: more than thirty families, and to people travelling upon the highways, passing by and along the said real estate; and the said defendants will continue to cause and suffer the said filth and noisome substances to be deposited and remain on the said real estate, if the said nuisance be not abated, to the prejudice of their said neighbors and people, and those travelling on the said highways, running by and along and past the said real estate; and the defendants maintain and use a slaughter house on the said real estate, and the said business of slaughtering animals is carried on on the said real estate; and the said defendants are husband and wife and are a community, and as such maintain the business of slaughtering animals on the said real estate and in the said slaughter-house, and also keep and feed hogs, cattle, sheep and fowls, on the said real estate; and by doing, maintaining and engaging in the said business of feeding and keeping the said animals and fowls and slaughtering animals on the said real estate, and keeping and maintaining the said slaughter-house and using it as a slaughter-house, the defendants cause and occasion obnoxious exhalations and offensive smells, which are offensive and dangerous to the health of the said thirty families, living in the said immediate neighborhood of the said real estate, and which are offensive and dangerous to the health of the public; and the said defendants will continue the use of the said slaughter-house and the said real estate in the way and manner aforesaid, and will continue to occasion the said obnoxious exhalations and offensive smells by continuing the said nuisance. The title to the said real estate is in the name of Katie Schaffer, the wife of the other said defendant, and the said real estate

and slaughter-house is under the full and complete control of the defendants, and the defendants refuse, upon demand, to abate the said nuisance alleged in this information, and before the commencement of this action it was demanded of the defendants that they abate the said nuisance.   The defendants will continue the nuisance described in this information.   The said slaughter-house and the said real estate are situated in a thickly settled community, and the thirty families aforesaid are living within three-quarters of a mile from the said slaughter-house and real estate described in this information.   All of which is done, caused, and suffered, maintained by defendants; contrary to the statutes of the state of Washington and especially against and contrary to the 3085 and 3084 sections of Ballinger's annotated codes and Statutes of Washington, Vol. 1, and against the peace and dignity of the state of Washington."

The objection to the complaint is that no time is laid when the offense attempted to be charged was committed. If the complaint be analyzed, it can be gathered therefrom that the respondents did, at some time in the past, commit acts which constituted a nuisance; that they were at the time of the filing of the complaint maintaining a nuisance (that is to say, they are charged, in words of the present tense, with maintaining a nuisance); and that they will continue to maintain a nuisance in the future.   The latter part of the charge need not be further considered.   The statute provides a punishment only for an offense committed, not for the intent to commit an offense. So the charge that the respondents did at some past time create and maintain a nuisance, needs no special consideration to show its insufficiency.   It is essential, under the Code (§ 6850, Ballinger's) to allege facts sufficient to show that the acts committed which constituted the crime were committed within the time limited by law for the commencement of an action therefor.   Here no such facts are

alleged.    There is not even an allegation that the acts committed constituting the nuisance continued from some time past to the present time.    The acts are wholly in the past, but at what time in the past the complaint does not state. Was it sufficient to lay the time of the offense as that of the filing of the complaint?    Mr. Wharton says that time and place must be attached to every material fact averred, and to assign the day as that of the finding of the bill, unless it be specifically averred that the offense was before the finding, is bad.    Wharton, Criminal Pleading & Practice, §120.    In Wisconsin it is held that an indictment which charges the crime to have been committed on the day the indictment is found is sufficient, when words are used indicating that the crime was prior to the finding, though it be not specifically alleged—as that the defendant "did unlawfully vend and sell," etc., implying that the offense had been already committed.    But even there it was conceded that the indictment must show in some manner that the offense was prior to the finding. *State v. Emmett*, 23 Wis. 632.    Such, also, seems to be the rule in California.    *People v. Squires*, 99 Cal. 327 (33 Pac. 1092).    So the statute (Bal. Code, §6850) provides that an indictment or information shall be sufficient if it can be understood therefrom that the crime was committed at some time previous to the finding of the indictment or the filing of the information, and within the time limited by law for the commencement of an action therefor—at least a negative way of stating that it will be insufficient if the time is not laid as previous to the finding of the indictment or information.    Tested by the most liberal of these rules, the complaint is insufficient.    The words used to denote time are in the present tense.    The effect of the charge is that the respondents are now committing

the acts complained of (that is, they were committing them at the time the complaint was filed), but whether they had committed them before that time, and within the statute of limitations, is not charged.

The judgment is affirmed.

MOUNT, ANDERS and DUNBAR, JJ., concur.