(No. 5677. Decided August 7, 1905.)

THE STATE OF WASHINGTON, *Respondent,* v. HARVEY F. NEWTON, *Appellant.*[1]

CRIMINAL LAW—PRACTICING DENTISTRY WITHOUT LICENSE—COMMISSION OF OFFENSE WITHIN ONE YEAR—SUFFICIENCY OF EVIDENCE TO SUPPORT CONVICTION—APPEAL—REVIEW—NEW TRIAL. A conviction for practicing dentistry without a license should be set aside as unwarranted by the testimony and against the overwhelming weight of the evidence, and a new trial should be ordered, where the unsupported evidence of the prosecuting witness was that it occurred at a certain office in Seattle in July, and the evidence of the defendant and

[1]Reported in 81 Pac. 1002.

of numerous witnesses was to the effect that defendant was not employed in that office in July, but had removed in June to Everett, and was practicing dentistry there during July, the burden being upon the prosecution to prove the commission of the offense within one year (Fullerton, J., dissenting).

Same—Correction of Malposition of the Jaws—What Constitutes. The taking of an impression of jaws for the purpose of making false teeth and the fitting and adjustment of the same, constitutes a "correction of malposition of the jaws," within the statute requiring a license for the practice of dentistry.

Criminal Law—Appeal—Review of Verdict. A verdict of guilty in a criminal case against the overwhelming weight of the evidence may be set aside on appeal where it does not subserve the ends of justice.

Appeal from a judgment of the superior court for King county, Neal, J., entered September 7, 1904, upon a trial and conviction of the offense of practicing dentistry without a license. Reversed.

*John R. Parker* and *E. J. Brown,* for appellant.
*Kenneth Mackintosh* and *Samuel R. Stern,* for respondent.

Root, J.—Appellant was prosecuted upon an information charging him with practicing dentistry, in that he did "treat a disease and lesion of the human teeth and did correct malpositions of the human teeth and jaws of one Mrs. Eliza Agutter." From a judgment of conviction, he appeals to this court.

The information was filed May 2, 1904. The evidence shows that in March, 1903, appellant was working in the dental office of one Dr. Brown. Mrs. Agutter, at that time and prior thereto, had dental work done therein, and procured a set of false teeth. As they did not fit properly, she returned to the same office some time after getting the teeth, and had another impression taken and a new set of teeth made. This work, she says, was done by appellant. She fixes the time very positively as being July, 1904. She had no natural teeth at that time. She says appellant did

nothing at this time except to take a plaster impression of her jaws and fit the new teeth.

Appellant and six or seven witnesses testified to the effect that appellant was not connected with Dr. Brown's office during the month of July, 1904, but that he had removed to Everett in June of that year, and was engaged in a dental office in the latter city during July. Appellant testifies positively that he last saw Mrs. Agutter in March; that he did not take the impression testified to by her, nor make the second set of teeth concerning which she testified. After the testimony of appellant and his witnesses was in, Mrs. Agutter, upon rebuttal, testified that the work in question was done "after May." Appellant contends that the work he did for Mrs. Agutter was completed more than one year prior to the filing of the information, and that the prosecution is consequently barred by the statute of limitations.

This was a question of fact and, ordinarily, the verdict of the jury thereupon would be conclusive in a case of conflicting, material and competent evidence. But we cannot escape the conclusion that the facts here constitute a case coming within the exception to the rule. Mrs. Agutter, in the case in chief, fixed the time positively as being in July. She remembered it distinctly, as she says, because it was about the end of the "berrying" season. Upon rebuttal, her attention being called to the matter, she answered a leading question by saying that the time was "after May." This has the appearance of a modification of her evidence to avoid the effect of the testimony of the many witnesses who swore that appellant was not in Dr. Brown's office in July, but was in business during all of that month in Everett. The evidence of these numerous witnesses was consistent, straightforward and remained unshaken. In view of this fact, and in view of the fact that Mrs. Agutter's evidence is uncorroborated and unsatisfactory on this point, and that, having visited the office at various times prior to getting the first set of false teeth, she could readily have become

confused or mistaken as to the date or operator, we think there is strong reason to believe that she was mistaken, either as to the person or as to the time. In either event, we are satisfied that the verdict is against the overwhelming weight of the evidence, and should have been set aside by the trial court.

While courts must hesitate before disturbing verdicts based upon conflicting evidence, yet it must be remembered that the observance of this rule, like that of all others, was intended to subserve the ends of justice, and where, in a given case, it is perfectly evident that it will not so do, its binding force should not avail. The presumption of innocence follows one charged with crime until, by the evidence, he is shown guilty beyond a reasonable doubt. The burden was upon the state to show the commission of the offense charged herein, within one year prior to the filing of the information. The evidence was such upon this question that we can find nothing to justify the verdict. In such a case it is self-evident that some improper influence or motive must have actuated the jury, or that it in some manner made a prejudicial error. Where this is true, the injured party has not had a fair trial, which is the privilege and right of every suitor.

It is contended by appellant that the acts testified to did not constitute the practice of dentistry, as alleged in the information. Did the taking of the impression, the making of false teeth, and the fitting thereof in the mouth, constitute a correction of a "malposition," or of "malpositions," of the jaws? This is the question. As to whether or not making the teeth or taking the impression would, each separately or together, constitute this, we do not decide. But taken together with the actual fitting and adjustment to the jaws, we hold that it constitutes a "correction of malposition of the jaws," within the meaning of the statute.

Some errors are assigned upon the introduction of evi-

dence.   The matters complained of will probably not occur upon a new trial.

On account of the unsatisfactory character of the evidence as to the time of the occurrences testified to by the state's witness, the judgment of the honorable superior court is reversed, and the case remanded for a new trial.

Mount, C. J., Hadley, Rudkin, and Crow, JJ., concur.

Fullerton, J. (dissenting)—I dissent.   It is a usurpation of power for this court to judge of the weight and sufficiency of the evidence on an appeal from a judgment of conviction in a criminal case.