[No. 58176-2.   Department Two.   February 13, 1992.]

*In the Matter of the Personal Restraint of*
JUAN D. VEGA, JR., *Petitioner.*

*Juan D. Vega, Jr.,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *Kathleen D. Mix* and *Thomas J. Young, Assistants,* for respondent.

PER CURIAM. — On May 23, 1991, petitioner Juan D. Vega, Jr., filed a motion for discretionary review of a Court of Appeals decision dismissing his personal restraint petition as untimely. The commissioner of this court denied that motion on October 16, 1991. Mr. Vega then filed an

untimely motion to modify the commissioner's ruling, together with a motion for extension of time. Department Two of this court considered both motions on December 3, 1991. We now grant the motion for extension of time, modify the commissioner's ruling, and remand the case to the Court of Appeals with directions to consider Vega's petition on its merits.

## BACKGROUND

Petitioner Vega was serving a federal prison sentence at the time the Washington Legislature enacted an amendment to RCW 10.73 which provides in pertinent part:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

RCW 10.73.090(1); Laws of 1989, ch. 395, § 1. Petitioner Vega's Washington conviction became final on June 5, 1989. RCW 10.73.120 provides that the State try to provide notice of the 1-year time limit contained in RCW 10.73.090 to persons already serving a term of incarceration at the time of the change in deadline, declaring:

> As soon as practicable after July 23, 1989, the department of corrections *shall attempt* to advise the following persons of the time limit specified in RCW 10.73.090 and 10.73.100: *Every person who, on July 23, 1989, is serving a term of incarceration, probation, parole, or community supervision pursuant to conviction of a felony.*

(Italics ours.)

There is no factual dispute that the Department of Corrections neither notified petitioner Vega nor attempted to notify petitioner Vega of the change of statute limiting filing of personal restraint petitions to within 1 year from the date a judgment becomes final.

## ANALYSIS

■ We do not agree that the language of RCW 10.73.120 is ambiguous as is argued by the Department of Corrections. RCW 10.73.120 defines persons to be notified as "Every

person who . . . is serving a term of incarceration . . . pursuant to conviction of a felony." The language is all inclusive and encompasses those defendants convicted in Washington who are serving sentences in other jurisdictions or in a federal institution, as well as those defendants serving sentences in Washington State institutions.

Accordingly, since there had been no attempt to notify petitioner Vega, as required by law, that the statute permitting filing personal restraint petitions had been amended to limit the time period for filing to 1 year from the date the judgment became final, petitioner Vega is not so limited and his petition must be treated as timely. Had there been actual notification or even attempted notification, the petition would have been properly denied.

The Court of Appeals is hereby directed, upon remand, to consider petitioner Vega's personal restraint petition on the merits, accepting its filing as being timely.