
# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 95115-2 |
| Respondent, | ) | |
| v. | ) | |
| DIANA JOLINE MERRITT, | ) | En Banc |
| Petitioner, | ) | |
| DOUGLAS ROSS WHITE, | ) | |
| Defendant. | ) | Filed ____ FEB 2 1 2019 ____ |

MADSEN, J.—Diana Merritt was convicted of 10 counts of mortgage fraud in 2015. Although the crimes charged occurred between 2008 and 2009, the criminal activity was not actually discovered by law enforcement until 2014. Merritt argues the charging document did not sufficiently provide information that the alleged charges occurred within the statute of limitations as required by RCW 10.37.050(5). Merritt also argues that the State's alleged failure to comply with the statute of limitations constitutes

a due process violation because the statute of limitations is an essential element of which Merritt must be given notice.

The Court of Appeals affirmed Merritt's convictions. We hold that the information is sufficient and affirm the Court of Appeals.

## FACTS

In 2004, Tom Reed employed Douglas White as an appraiser trainee at his company, Washington Appraisal Reviews Inc. As a trainee, White was permitted to write appraisal reports, but he was not permitted to sign the reports. Instead, Reed reviewed White's reports, and if satisfactory, Reed would sign the report using password protected software that generated an electronic signature. White subsequently failed the licensing exam, and he did not retake it. He stopped working for Reed in 2008.

In 2010, Reed discovered that someone submitted appraisals using his electronic signature and license number. Reed contacted federal authorities in light of this discovery. Reed met with an agent of the United States Department of Housing and Urban Development's Office of Inspector General and identified White as one of only two people who could possibly have had access to Reed's electronic signature.

In late 2013 or early 2014, the agent obtained copies of White's bank records, which showed several financial transactions between White and Merritt. Merritt was White's girlfriend. The agent learned that Merritt operated a mortgage brokerage business, Merritt Home Finance, and subsequently obtained a search warrant for the corporation.

The search warrant was executed in June 2014, and the agent uncovered loan originations performed by Merritt that included appraisals bearing Reed's name and signature but were actually performed by White. A forensic search of White's and Merritt's computers revealed several e-mail exchanges between White and Merritt in which Merritt asked White to perform appraisals for her clients. E-mails with copies of Reed's license, which White sent to Merritt, were also uncovered.

In 2015, Merritt was charged by amended information with 9 counts of second degree identity theft and 11 counts of mortgage fraud. Clerk's Papers (CP) at 48-77. Merritt waived her right to a jury, and her case proceeded to a bench trial.[1] Merritt was found guilty of 10 counts of mortgage fraud.

Prior to the entry of the trial court's written findings of fact and conclusions of law, Merritt's substitute counsel filed a motion for reconsideration and a supplemental memorandum supporting reconsideration, arguing, among other things, that Merritt should be acquitted of the mortgage fraud charges because "the State has failed to prove beyond a reasonable doubt when the alleged crimes were or could have been discovered, and has therefore failed to prove that any of them occurred within the statute of limitations." CP at 319. The trial court rejected this argument, holding that the statute of limitations was satisfied because Merritt's charging occurred within three years of discovery.

---

[1] White, who was charged with 55 counts involving identity theft and mortgage fraud, pleaded guilty before the start of Merritt's trial. CP at 48-77; Verbatim Report of Proceedings (Sept. 2, 2016) at 101.

Merritt appealed, and the Court of Appeals affirmed the trial court, holding that the charging document was sufficient. *State v. Merritt*, 200 Wn. App. 398, 412-13, 402 P.3d 862 (2017). We granted review. *State v. Merritt*, 189 Wn.2d 1039 (2018).

## ANALYSIS

The mortgage fraud counts in the amended information, which are virtually identical to one another,[2] state:

> That the defendants DOUGLAS ROSS WHITE AND DIANA JOLINE MERRITT and each of them in King County, Washington, between June 12, 2008 and August 6, 2008, in connection with making, brokering, obtaining, or modifying a residential mortgage loan, did directly or indirectly: (1)(a) knowingly employ any scheme, device, or artifice to defraud or materially mislead a borrower, to-wit: Kirk Lakey, during the lending process; and (b) knowingly defraud or knowingly materially mislead a lender, or any person, to wit: Kirk Lakey, in the lending process, or knowingly engage in any unfair or deceptive practice toward any person, to-wit: Kirk Lakey, in the lending process; and (c) knowingly obtain property by fraud or material misrepresentation in the lending process; and (2) knowingly make any misstatement, misrepresentation, or omission during the mortgage lending process knowing that it might be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process, to-wit: Kirk Lakey; and (3) knowingly use or facilitate the use of any misstatement, misrepresentation, or omission, knowing the same to contain a misstatement, misrepresentation, or omission, during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process, to-wit: Kirk Lakey; and (4) knowingly receive any proceeds or anything of value in connection with a residential mortgage closing that the defendant knew resulted from a violation of RCW 19.144.080;
>
> Contrary to RCW 19.144.080 and 19.144.090, and against the peace and dignity of the State of Washington.
>
> And further do allege the crime was a major economic offense or series of offenses, so identified by consideration of the following: multiple

---

[2] The names of the borrowers and alleged dates of the particular crimes are the only distinguishing factors.

incidents per victim, monetary loss substantially greater than typical for the offense, occurred over a long period of time, and the defendants used their position of trust to facilitate the commission of the current offense, under the authority of RCW 9.94A.535(3)(d).

CP at 70-71.

Constitutional Sufficiency

Merritt first argues that the amended information is not constitutionally sufficient. Suppl. Br. of Pet'r (Corrected) at 9. Specifically, Merritt argues:

> A charging document is constitutionally defective if it fails to include all "essential elements" of the crime. *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995); *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974); U.S. Const. Amend. VI; Wash. Const. Art. I, § 22.

*Id.* "'[E]ssential elements' include *only those* facts that must be proved beyond a reasonable doubt to convict a defendant of the charged crime." *State v. Powell*, 167 Wn.2d 672, 683, 223 P.3d 493 (2009) (plurality opinion) (emphasis added) (citing *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000)), *overruled on other grounds by State v. Siers*, 174 Wn.2d 269, 274 P.3d 358 (2012). The primary reason for the inclusion of essential elements in a charging document is "to afford notice to an accused of the nature and cause of the accusation against him." *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). Such notice is important so that the defendant "will be able to prepare and mount a defense at trial." *McCarty*, 140 Wn.2d at 425.

The Court of Appeals rejected Merritt's constitutional sufficiency argument, holding that "[t]he statute of limitations is not an essential element of a crime." *Merritt*, 200 Wn. App. at 400. The information here clearly states each element of the mortgage

fraud claims of which Merritt was accused, meaning the alleged defect in the amended information did not affect Merritt's notice of the charges brought against her or her ability to prepare and mount a defense.

Merritt relies on *State v. Schaffer*, where the court held, *"It is essential . . . to allege* facts sufficient to show that the acts committed which constituted the crime were committed within the time limited by law for the commencement of an action therefor." 31 Wash. 305, 310, 71 P. 1088 (1903) (emphasis added). This reliance is misplaced. The *Schaffer* court was referencing the statute currently codified at RCW 10.37.050, not analyzing whether the statute of limitations was an essential element as it pertains to the Sixth Amendment to the United States Constitution or article I of the Washington State Constitution.[3]

Merritt also suggests that the statute of limitations is an essential element of the crime charged because "[t]he facts necessary for conviction and the fact of compliance with the statute of limitations share other salient characteristics," and the jury must decide the underlying factual matters pertaining to the statute of limitations. Suppl. Br. of Pet'r (Corrected) at 14. In support for her contentions, Merritt cites *State v. Newton*, 39 Wash. 491, 493, 81 P. 1002 (1905), where the court held that determining whether the State was barred by the statute of limitations was a question for the jury. *Newton* presents a very limited circumstance in which the jury may be called to assess the facts underlying a

---

[3] Merritt also cites an appellate case, *State v. Dash*, 163 Wn. App. 63, 259 P.3d 319 (2011). Like *Schaffer*, this case also does not discuss the statute of limitations with respect to the Sixth Amendment to the United States Constitution or article I of the Washington State Constitution, nor does it address whether the statute of limitations is an essential element of the crime charged.

statute of limitations issue. Specifically, in *Newton*, the timing of the incident giving rise to the lawsuit was disputed by both parties, making compliance with the statute of limitations impossible to assess. This court has held that "[w]hether the statute of limitations bars a suit is a legal question, but the jury must decide the underlying factual questions unless the facts are susceptible of but one reasonable interpretation." *Goodman v. Goodman*, 128 Wn.2d 366, 373, 907 P.2d 290 (1995).

Issues surrounding the statute of limitations concern the jury only in limited instances where factual determinations that are material to the commencement of the action are disputed. In most cases, the statute of limitations is a mixed question of law and fact that the court will be able to access as a part of its gatekeeping function. *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 263, 840 P.2d 860 (1992) ("The trial court correctly concluded that the jury should not be instructed about the statute of [limitations], as the question whether it bars suit is a legal matter for the court."). Merritt fails to show how a jury's involvement in issues concerning the statute of limitations requires this court to hold that the statute of limitations is an essential element of the crimes charged.

While the sufficiency of a charging document implicates due process concerns, the statute of limitations itself is a statutory issue that only "affects the authority of a court to sentence a defendant for a crime." *State v. Peltier*, 181 Wn.2d 290, 298, 332 P.3d 457 (2014). Including facts related to the statute of limitations in the information may put a defendant on notice of a defense based on the statute of limitations, but their omission does not render the amended information constitutionally deficient.

Statutory Requirements

Merritt also contends that the amended information filed against her does not comply with the requirements of RCW 10.37.050, which states:

> The indictment or information is sufficient if it can be understood therefrom—
>
> . . . .
>
> (5) That the crime was committed at some time previous to the finding of the indictment or filing of the information, and within the time limited by law for the commencement of an action therefor.

The relevant statute of limitations in this case, RCW 19.144.090(2), states:

> No information may be returned more than (a) five years after the violation, or (b) three years after the actual discovery of the violation, whichever date of limitation is later.

Because the amended information was filed in 2015, Merritt argues that the amended information does not show on its face that it was filed within five years of Merritt's crimes or within three years of the actual discovery of Merritt's crimes. Suppl. Br. of Pet'r (Corrected) at 3. Merritt's crimes occurred between 2008 and 2009 but were discovered after a warrant issued in 2014 revealed the crimes. CP at 48-77; Verbatim Report of Proceeding (VRP) (Sept. 15, 2016) at 816.

Here, the State timely filed within the statutory period because discovery of Merritt's crimes occurred in 2014, which is within RCW 19.144.090's three year limit. VRP (Sept. 15, 2016) at 846, 886-914. At any rate, the issue of whether the State timely filed the amended information is not before this court. Rather, the issue is whether the State's amended information complies with RCW 10.37.050 and RCW 19.144.090. Merritt appears to argue that to comply with the statute, the State must include RCW

19.144.090's language and facts regarding the 2014 warrant and subsequent actual discovery of Merritt's crimes.[4] Suppl. Br. of Pet'r (Corrected) at 11.

Notably, RCW 10.37.050 provides no remedy for the failure of an information to show compliance with the statute of limitations. RCW 10.37.050's main purpose is "to inform the defendant of what crime he is charged, so that he may prepare his defense." *State v. Womack*, 4 Wash. 19, 24, 29 P. 939 (1892). To the extent the rule codifies due process requirements for notice, the information is sufficient as discussed above. But, even if the statute adds additional protection not required by the constitution, this court does not typically fashion remedies where one is not provided in the relevant statute, unless constitutional protections require a remedy. *See State v. Breitung*, 173 Wn.2d 393, 402, 267 P.3d 1012 (2011) (holding that a court's compliance with RCW 9.41.047(1) is necessary to ensure the Second Amendment rights of individuals and failure to provide a remedy for violation of the statute "ignores the statute's mandate and deprives the statute of any real bite").

Merritt argues, though, that *Schaffer* requires the State "to allege facts sufficient to show that the acts committed which constituted the crime were committed within the time limited by law for the commencement of an action therefor."[5] 31 Wash. at 310. *Schaffer*

---

[4] The concurrence also argues the date of discovery must be explicitly stated on the face of the charging document. Concurrence at 2-3. However, the statute at issue is simply a notice statute that requires it be sufficiently understood the alleged offense occurred prior to the charging information and within the time prescribed by law. The information here sufficiently provides the defendant that notice. If there were any concerns that the statute of limitations had been violated, the charging information should have been challenged at that time.

[5] Merritt also cites an appellate case, *State v. Glover*, 25 Wn. App. 58, 61-62, 604 P.2d 1015 (1979), which held, "An indictment or information which indicates that the offense is barred by

is distinguishable. Specifically, *Schaffer* involved a nuisance action where the information alleged "that the respondents did at some past time create and maintain a nuisance" but did not identify when the alleged nuisance commenced. *Id.* at 310-11. The court found this omission to be fatal to the State's charge because "[t]he effect of the charge is that the respondents are now committing the acts complained of (that is, they were committing them at the time the complaint was filed), but whether they had committed them before that time, and within the statute of limitations, is not charged." *Id.* at 311-12.[6]

Considering the amended information here, it is unclear how Merritt, a defendant who is aware of all of the facts and circumstances surrounding the case, cannot sufficiently understand "[t]hat the crime was committed at some time previous to the finding of the indictment or filing of the information, and within the time limited by law" based on the information provided. RCW 10.37.050(5). Indeed, the information contains the dates of the alleged crimes and includes a reference to the statute of limitations, RCW 19.144.090, which was sufficient to alert the defendant to a possible statute of limitations issue.

---

the statute of limitation fails to state a public offense." However, Merritt misconstrues this holding to mean "that a charging document fails to state a public offense when it does not show the charges were filed within the limitation period." Suppl. Br. of Pet'r (Corrected) at 16. Indeed, this proposition in not stated in *Glover*.

[6] Although the concurrence asserts we have created a remedy for violations of RCW 10.37.050 in *Schaffer*, concurrence at 5, that dismissal was based on a lower court's decision to reverse a trial court's decision after a timely objection to the charging document. *See Schaffer*, 31 Wash. at 306. It is within our authority to review the decisions of lower courts. But a review of a trial court's decision is not a remedy for a statutory violation.

To the extent the information does not mention the date of the warrant that led to discovery of the crimes, such a technical defect does not warrant reversal. Merritt was put on notice and could have objected to the information, moved to dismiss the charges as beyond the statute of limitations, or requested a bill of particulars to cure the alleged defect. This court has held, "If an information states each statutory element of a crime but is vague as to some other matter significant to the defense, a bill of particulars can correct the defect." *State v. Noltie*, 116 Wn.2d 831, 843, 809 P.2d 190 (1991). Merritt failed to object to the information or request a bill of particulars.

## CONCLUSION

Compliance with the statute of limitations is a statutory requirement, not a constitutional requirement. The alleged information was sufficient to put Merritt on notice of the elements of the charged crimes and the possible statute of limitations defect. We affirm the Court of Appeals' decision.

No. 95115-2

_Madsen, J._

WE CONCUR:

_Johnson, J._        _Wiggins, J._

_Owens, J._

_Stephens, J._        _Yu, J._

No. 95115-2

GORDON McCLOUD, J. (concurring)—I agree that the amended information is constitutionally sufficient. But I disagree that Diana Merritt could have understood from the amended information that her violation was discovered within three years of commencement of this action.

Under RCW 10.37.050, a defendant must be able to look at the information and "under[stand] therefrom . . . [t]hat the crime was committed . . . within the time limited by law for the commencement of an action therefor." The law limits "commencement of an action" to "five years after the violation" or "three years after the actual discovery of the violation, whichever date of limitation is later." RCW 19.144.090(2). Here, as the majority notes, we are concerned with the latter limitation. Majority at 8.

In interpreting a statute, we strive to "ascertain and carry out the legislature's intent." *State v. Bigsby*, 189 Wn.2d 210, 216, 399 P.3d 540 (2017) (citing *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)). If the legislature's intent is clear from the statute's plain language, then we give effect to

1

that plain language. *Id.* According to RCW 10.37.050's plain language, a defendant must be able to look at the face of the information and "under[stand] therefrom" whether it complies with the statute of limitations. There is no way Merritt, this court, or anyone else can look at the amended information and understand "therefrom" that the State commenced the action within three years of its discovery of the violation. As Merritt notes, the information "does not state the violation was discovered within that three-year period, and no facts are alleged by which one could arrive at the conclusion." Suppl. Br. of Pet'r (Corrected) at 8. All the State had to do was list the date of discovery of the violation, allowing Merritt to compare that date with the date of the filing. Because it failed to do so, it failed to comply with RCW 10.37.050, rendering the amended information statutorily deficient.

The majority states that "it is unclear how Merritt, a defendant who is aware of all of the facts and circumstances surrounding the case, cannot sufficiently understand '[t]hat the crime was committed at some time previous to the finding of the indictment or filing of the information, and within the time limited by law' based on the information provided." Majority at 10 (alteration in original) (quoting RCW 10.37.050(5)). The majority thus takes the position that because Merritt was charged, she must have known all about the business crime that she was charged with—despite the fact that at the time of charging she was entitled to a presumption

2

of innocence, not guilt. I disagree. According to the statute, a defendant must be able to look at the information and understand "therefrom" that the State alleges the crime occurred within the statute of limitations. It does not matter that Merritt may have known when her violation was discovered; the statute requires that fact to be clear on the face of the information. And the legislature must have adopted that rule for a purpose, i.e., to put the burden of showing timeliness on the State and not replace it with a presumption of guilt.

The majority also claims that the information sufficiently alerted Merritt to "a possible statute of limitations issue" because it "contains the dates of the alleged crimes and includes a reference to the statute of limitations, RCW 19.144.090." Majority at 10. It is unclear how knowing the dates of the alleged crimes helps Merritt here, where the relevant date is the date of actual discovery of the violation. It is likewise unclear how a reference to the statute of limitations satisfies RCW 10.37.050, which requires the State to allege facts, not legal conclusions. Merritt could certainly have researched the cited statute. She would have learned that the State should have brought the action no more than "five years after the violation" or "three years after the actual discovery of the violation, whichever date of limitation is later." RCW 19.144.090(2). But she still would have been clueless as to the relevant date in her case: the date of actual discovery of the violation.

3

As to remedy, the majority notes that RCW 10.37.050 fails to provide one and claims that "this court does not typically fashion remedies where one is not provided in the relevant statute, *unless constitutional protections require a remedy*." Majority at 9 (emphasis added) (citing *State v. Breitung*, 173 Wn.2d 393, 402, 267 P.3d 1012 (2011)). This is incorrect.

For example, in *In re Personal Restraint of Vega*, we fashioned a statutory remedy in the absence of underlying constitutional concerns. 118 Wn.2d 449, 450-51, 823 P.2d 1111 (1992) (per curiam). There, we analyzed the statute that required the Department of Corrections to "attempt to advise" convicted criminal defendants of the new one-year time bar for filing personal restraint petitions but failed to provide a remedy for failure to do so. *Id.* at 450 (emphasis omitted) (quoting RCW 10.73.120). It was undisputed that the department failed even to attempt to advise Vega of the new time bar. *Id.* Despite the absence of a statutory remedy, we treated Vega's otherwise untimely personal restraint petition as timely. *Id.* at 451.

In *Breitung*, the only case the majority relies on to support its point, we broadly held that "'[r]elief consistent with the purpose of the statutory requirement *must* be available where the statute has been violated.'" 173 Wn.2d at 403 (quoting *State v. Minor*, 162 Wn.2d 796, 803-04, 174 P.3d 1162 (2008)); majority at 9. This broad holding was premised on the observation that "failure to provide a remedy for

4

what is a clear statutory violation . . . ignores the statute's mandate and deprives the statute of any real bite." *Id.* at 402. Although underlying constitutional concerns undoubtedly reinforce the need for a remedy, it does not follow that a lack of constitutional concerns means that the courts should not provide a remedy. *See Vega*, 118 Wn.2d at 450-51. Either way, relief consistent with the statute's purpose must be available, and we hesitate to deprive a statute of any real bite.

In fact, *we have fashioned a remedy for violation of the very statute at issue here. State v. Schaffer*, 31 Wash. 305, 71 P. 1088 (1903).[1] The defendants in *Schaffer* were arrested and charged with "creating and maintaining a nuisance." *Id.* at 305. The defendants demurred, arguing that the charging document failed to state the time when the offense was committed and thus did not comply with the statute. *Id.* at 305-06, 310. The trial court rejected this argument, and the case proceeded to trial, where the defendants lost. *Id.* at 306. The appellate court reversed and dismissed the proceedings. *Id.* We affirmed this dismissal—despite the absence of a statutory remedy—and held that the charging document was insufficient under the statute because it failed to show that the alleged wrongdoing occurred prior to the filing of the complaint "and within the statute of limitations." *Id.* at 311-12.

---

[1] At that time, what is now codified at RCW 10.37.050(5) was codified at Bal. Code § 6850(5).

5

So a remedy for violation of the statute does exist. Nevertheless, Merritt is not entitled to dismissal. She did not demur before trial, as the defendants in *Schaffer* did. Nor did she request a bill of particulars. *See State v. Noltie*, 116 Wn.2d 831, 843-44, 809 P.2d 190 (1991) (noting that if the information is constitutionally sufficient but "vague as to some other matter significant to the defense, . . . a defendant is not entitled to challenge the information on appeal if he or she has failed to timely request a bill of particulars"). In fact, Merritt did not challenge the information until after the case was tried and she was found guilty. Majority at 3. This challenge came too late.

In sum, the State failed to comply with RCW 10.37.050. And we *do* provide a remedy for such a violation, as long as the defendant timely objects. But here, Merritt failed to timely object to the statutorily deficient information. For this reason, I concur.

Gordon McCloud, J.

González, J.

Fairhurst, C.J.