GORDON McCLOUD, J. (concurring)
*1022 ¶ 24 I agree that the amended information is constitutionally sufficient. But I disagree that Diana Merritt could have understood from the amended information that her violation was discovered within three years of commencement of this action.
¶ 25 Under RCW 10.37.050, a defendant must be able to look at the information and "under[stand] therefrom ... [t]hat the crime was committed ... within the time limited by law for the commencement of an action therefor." The law limits "commencement of an action" to "five years after the violation" or "three years after the actual discovery of the violation, whichever date of limitation is later." RCW 19.144.090(2). Here, as the majority notes, we are concerned with the latter limitation. Majority at 1020.
¶ 26 In interpreting a statute, we strive to "ascertain and carry out the legislature's intent." State v. Bigsby , 189 Wash.2d 210, 216, 399 P.3d 540 (2017) (citing Dep't of Ecology v. Campbell & Gwinn, LLC , 146 Wash.2d 1, 9-10, 43 P.3d 4 (2002) ). If the legislature's intent is clear from the statute's plain language, then we give effect to that plain language. Id. According to RCW 10.37.050 's plain language, a defendant must be able to look at the face of the information and "under[stand] therefrom" whether it complies with the statute of limitations. There is no way Merritt, this court, or anyone else can look at the amended information and understand "therefrom" that the State commenced the action within three years of its discovery of the violation. As Merritt notes, the information "does not state the violation was discovered within that three-year period, and no facts are alleged by which one could arrive at the conclusion." Suppl. Br. of Pet'r (Corrected) at 8. All the State had to do was list the date of discovery of the violation, allowing Merritt to compare that date with the date of the filing. Because it failed to do so, it failed to comply with RCW 10.37.050, rendering the amended information statutorily deficient.
¶ 27 The majority states that "it is unclear how Merritt, a defendant who is aware of all of the facts and circumstances surrounding the case, cannot sufficiently understand '[t]hat the crime was committed at some time previous to the finding of the indictment or filing of the information, and within the time limited by law' based on the information provided." Majority at 1021 (alteration in original) (quoting RCW 10.37.050(5) ). The majority thus takes the position that because Merritt was charged, she must have known all about the business crime that she was charged with-despite the fact that at the time of charging she was entitled to a presumption of innocence, not guilt. I disagree. According to the statute, a defendant must be able to look at the information and understand "therefrom" that the State alleges the crime occurred within the statute of limitations. It does not matter that Merritt may have known when her violation was discovered; the statute requires that fact to be clear on the face of the information. And the legislature must have adopted that rule for a purpose, i.e., to put the burden of showing timeliness on the State and not replace it with a presumption of guilt.
¶ 28 The majority also claims that the information sufficiently alerted Merritt to "a possible statute of limitations issue" because it "contains the dates of the alleged crimes and includes a reference to the statute of limitations, RCW 19.144.090." Majority at 1021. It is unclear how knowing the dates of the alleged crimes helps Merritt here, where the relevant date is the date of actual discovery of the violation. It is likewise unclear how a reference to the statute of limitations satisfies RCW 10.37.050, which requires the State to allege facts, not legal conclusions. Merritt could certainly have researched the cited statute. She would have learned that the State should have brought the action no more than "five years after the violation" or "three years after the actual discovery of the violation, whichever date of limitation is later." RCW 19.144.090(2). But she still would have been clueless as to the relevant date in her case: the date of actual discovery of the violation.
¶ 29 As to remedy, the majority notes that RCW 10.37.050 fails to provide one and claims that "this court does not typically fashion remedies where one is not provided in the relevant statute, unless constitutional protections require a remedy ."
*1023 Majority at 1020-21 (emphasis added) (citing State v. Breitung , 173 Wash.2d 393, 402, 267 P.3d 1012 (2011) ). This is incorrect.
¶ 30 For example, in In re Personal Restraint of Vega , we fashioned a statutory remedy in the absence of underlying constitutional concerns. 118 Wash.2d 449, 450-51, 823 P.2d 1111 (1992) (per curiam). There, we analyzed the statute that required the Department of Corrections to "attempt to advise" convicted criminal defendants of the new one-year time bar for filing personal restraint petitions but failed to provide a remedy for failure to do so. Id. at 450, 823 P.2d 1111 (emphasis omitted) (quoting RCW 10.73.120 ). It was undisputed that the department failed even to attempt to advise Vega of the new time bar. Id. Despite the absence of a statutory remedy, we treated Vega's otherwise untimely personal restraint petition as timely. Id. at 451, 823 P.2d 1111.
¶ 31 In Breitung , the only case the majority relies on to support its point, we broadly held that " '[r]elief consistent with the purpose of the statutory requirement must be available where the statute has been violated.' " 173 Wash.2d at 403, 267 P.3d 1012 (quoting State v. Minor , 162 Wash.2d 796, 803-04, 174 P.3d 1162 (2008) ); majority at 1020-21. This broad holding was premised on the observation that "failure to provide a remedy for what is a clear statutory violation ... ignores the statute's mandate and deprives the statute of any real bite." Id. at 402, 267 P.3d 1012. Although underlying constitutional concerns undoubtedly reinforce the need for a remedy, it does not follow that a lack of constitutional concerns means that the courts should not provide a remedy. See Vega , 118 Wash.2d at 450-51, 823 P.2d 1111. Either way, relief consistent with the statute's purpose must be available, and we hesitate to deprive a statute of any real bite.
¶ 32 In fact, we have fashioned a remedy for violation of the very statute at issue here . State v. Schaffer , 31 Wash. 305, 71 P. 1088 (1903).[1] The defendants in Schaffer were arrested and charged with "creating and maintaining a nuisance." Id. at 305, 71 P. 1088. The defendants demurred, arguing that the charging document failed to state the time when the offense was committed and thus did not comply with the statute. Id. at 305-06, 310, 71 P. 1088. The trial court rejected this argument, and the case proceeded to trial, where the defendants lost. Id. at 306, 71 P. 1088. The appellate court reversed and dismissed the proceedings. Id. We affirmed this dismissal-despite the absence of a statutory remedy-and held that the charging document was insufficient under the statute because it failed to show that the alleged wrongdoing occurred prior to the filing of the complaint "and within the statute of limitations." Id. at 311-12, 71 P. 1088.
¶ 33 So a remedy for violation of the statute does exist. Nevertheless, Merritt is not entitled to dismissal. She did not demur before trial, as the defendants in Schaffer did. Nor did she request a bill of particulars. See State v. Noltie , 116 Wash.2d 831, 843-44, 809 P.2d 190 (1991) (noting that if the information is constitutionally sufficient but "vague as to some other matter significant to the defense, ... a defendant is not entitled to challenge the information on appeal if he or she has failed to timely request a bill of particulars"). In fact, Merritt did not challenge the information until after the case was tried and she was found guilty. Majority at 1017-18. This challenge came too late.
¶ 34 In sum, the State failed to comply with RCW 10.37.050. And we do provide a remedy for such a violation, as long as the defendant timely objects. But here, Merritt failed to timely object to the statutorily deficient information. For this reason, I concur.
González, J.
Fairhurst, C.J.

At that time, what is now codified at RCW 10.37.050(5) was codified at Bal. Code § 6850(5).