# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: <br><br> CHRISTOPHER WILLIAM BLACKWELL, <br><br> Petitioner. | No. 53860-1-II <br><br> UNPUBLISHED OPINION |

LEE, C.J. — Christopher Blackwell sought collateral relief to withdraw his 1994 juvenile guilty plea to the crimes of attempting to elude a pursuing police office and taking a motor vehicle without the owner's permission, which the trial court transferred to us for consideration as a personal restraint petition (PRP). In 2007, Blackwell pleaded guilty to first degree murder and his 1994 juvenile convictions were allegedly included in his offender score. Blackwell contends that including the 1994 juvenile convictions as a point in his 2007 judgment and sentence resulted in a breach of the 1994 plea agreement; therefore, he should be permitted to withdraw his 1994 plea. The State argues that Blackwell's request for relief is untimely. Even if we assume Blackwell's request for collateral relief is timely, Blackwell is not entitled to relief because he fails to make a prima facie showing of either actual and substantial prejudice or a fundamental defect. Therefore, we deny his PRP.

FACTS

In May 1994, Blackwell pleaded guilty to one count of attempting to elude a pursuing police officer and one count of taking a motor vehicle without owner's permission. Blackwell was 12 years old at the time of the offenses. Paragraph 17 of the plea agreement states:

> I have been told and fully understand that: (a) my plea of guilty and the Court's acceptance of my plea will become part of my criminal history; and (b) if the offense is a felony and I was 15 years of age or older when the offense was committed, then the plea will remain part of my criminal history when I am an adult, if I commit another offense prior to my twenty-third birthday, and may remain beyond that date.

Br. of Resp't., App. A at 24. Paragraph 18 then states, "I have been told and fully understand that if I plead guilty and the Court accepts my plea, my criminal history may cause the Court to give me a longer sentence for any offenses that I commit in the future." Br. of Resp't, App. A at 24.

In March 2006, the State charged Blackwell with first degree murder, first degree burglary, second degree assault, second degree arson, first degree unlawful possession of a firearm, and two counts of first degree robbery. The charges stem from the shooting death of a 17-year-old during a home invasion.

In February 2007, Blackwell pleaded guilty to the amended charge of first degree murder. Allegedly, the 1994 offenses were included in Blackwell's offender score.[1]

In May 2019, Blackwell filed a motion to declare breach of plea agreement in Pierce County Juvenile Court, requesting to withdraw his 1994 juvenile guilty plea to attempting to elude a pursuing police officer and one count of taking a motor vehicle without owner's permission. Blackwell argues that he was promised that his juvenile offenses would not be used to increase

---

[1] Blackwell has not provided the 2007 judgment and sentence in the record for review.

punishment in adult court, and that this promise was broken when he was sentenced on the 2007 conviction. Therefore, Blackwell argued, the State breached their agreement and he should be permitted to withdraw is 1994 plea. Because the matter appeared to be time barred, the trial court transferred the matter to this court for consideration as a PRP.

The State responded to Blackwell's PRP, arguing that Blackwell's PRP was time barred. Nevertheless, the State argued there was no breach of the plea agreement.

In response to the State's time-bar arguments, Blackwell argued in his reply brief that the juvenile court failed to advise him of his collateral attack rights as required under RCW 10.73.110.

ANALYSIS

A.     TIMELINESS OF PETITION

Under RCW 10.73.090(1), a PRP may not be filed more than one year after the judgment and sentence becomes final, so long as the judgment and sentence is valid on its face and was imposed by a court of competent jurisdiction. The one year time bar does not apply, however, if one of the six statutory exemptions in RCW 10.73.100 applies to the petitioner's final judgment.[2] The date of final judgment includes the date that it is filed with the clerk of the trial court. RCW 10.73.090(3)(a). Whether the statutory one-year time bar applies is a question of law that we review de novo. *State v. Carney*, 178 Wn. App. 349, 356, 314 P.3d 736 (2013), *review denied*, 180 Wn.2d 1008 (2014).

---

[2] The exceptions are for newly discovered evidence, the statute the defendant was convicted of is unconstitutional, double jeopardy, insufficient evidence to convict and the defendant pleaded not guilty, lack of jurisdiction to impose the sentence, or a significant change in the law. RCW 10.73.100

A trial court is required to advise a defendant of the one-year statute of limitation when it pronounces judgment and sentence. RCW 10.73.110. When a statute requires notice, the failure to comply creates an exemption to the time bar. *In re Pers. Restraint of Vega*, 118 Wn.2d 449, 451, 823 P.2d 1111 (1992).

If a PRP is timely, we next look to whether the petitioner is entitled to relief. To be entitled to relief in a PRP, the petitioner must establish either a constitutional error that resulted in actual and substantial prejudice or a nonconstitutional error that amounts to "a fundamental defect resulting in a complete miscarriage of justice." *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 18, 296 P.3d 872 (2013)

The petitioner must state with particularity the factual allegations underlying his or her claim of unlawful restraint. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 885-86, 828 P.2d 1086, *cert. denied,* 506 U.S. 958 (1992). Bald assertions and conclusory allegations are not sufficient. *Id*. at 886.

The petitioner must also provide evidentiary support for his or her allegations. RAP 16.7(a)(2). If the trial court record does not support the factual allegations, then the petitioner must show through affidavits or other forms of corroboration that competent and admissible evidence will establish the factual allegations. *Rice*, 118 Wn.2d at 886. The petitioner may not rely on mere speculation, conjecture, or inadmissible hearsay. *Id*.

If the petitioner fails to make a prima facie showing of either actual and substantial prejudice or a fundamental defect, we deny the PRP. *Yates*, 177 Wn.2d at 17-18. If the petitioner makes such a showing, but the record is not sufficient to determine the merits, we remand for a

reference hearing. *Id.* If, however, we are convinced the petitioner has proven actual and substantial prejudice or a fundamental defect, we grant the petition. *Id.*

Here, Blackwell's disposition order was filed on May 10, 1994. The order became final on that date. RCW 10.73.090(3)(a). He did not file his PRP until 25 years later. Blackwell does not allege any exception to the one year time limit; rather, he alleges for the first time in his reply brief that the time limit does not apply to him because he did not have notice that collateral relief must be filed within one year. [3] Because this issue is raised for the first time in Blackwell's reply, we do not have a response from the State. Consequently, we do not have an adequate record to review this issue outside Blackwell's declaration that he did not receive notice. However, even assuming Blackwell did not receive notice and that the one-year time limit does not apply to him, Blackwell is still not entitled to relief.

B.     PETITIONER DOES NOT MEET HIS BURDEN

Blackwell argues that he was promised that his juvenile offenses would not be used to increase punishment in adult court, and that this promise was broken when he was sentenced on the 2007 conviction. Blackwell, therefore, argues that the State breached the parties' 1994 plea agreement and he should be permitted to withdraw his 1994 guilty pleas.

The trial court's alleged use of the 1994 conviction as a point in calculating his offender score in 2007 is the crux of Blackwell's PRP. However, Blackwell's counsel fails to provide any evidentiary support for this argument, such as the 2007 judgment and sentence, the 2007 stipulation on criminal history, or the 2007 sentencing transcript. Blackwell only provides his bald

---

[3] In general, we do not review issues raised for the first time in a reply based on RAP 16.10(d) and RAP 10.3(c), but recognize this issue was raised in response to the State's argument that Blackwell's claim is time barred.

No. 53860-1-II

assertion that the 1994 plea agreement was breached because his juvenile offenses were included in his 2007 offender score. A petitioner may not rely on mere speculation or conjecture. *Rice*, 118 Wn.2d at 885-86. Because Blackwell fails to make a prima facie showing of either actual and substantial prejudice or a fundamental defect, we deny his PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Glasgow, J.

_____
Cruser, J.

6